UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANN MARIE STINNETT,

       Plaintiff,                            CASE NO. 10-15043

v.                                            PAUL D. BORMAN
                                                 UNITED STATES DISTRICT JUDGE

BROOKS KUSHMAN, P.C. and
MARK A. CANTOR,
jointly and severally,

       Defendants.
_____/

**OPINION AND ORDER
(1) GRANTING IN PART DEFENDANTS' MOTION TO STRIKE PORTIONS OF INITIAL COMPLAINT PURSUANT TO FED.R.CIV.P. 8
(2) REQUIRING FILING OF REFORMULATED COMPLAINT BY FEBRUARY 22, 2011
(3) PRESERVING SEALED INITIAL COMPLAINT**

On December 19, 2010, Plaintiff filed a Complaint containing 8 counts, 204 paragraphs, 29 pages. Attached to the Complaint were 5 exhibits totaling 18 pages.

On December 21, 2010, Defendants, in the late afternoon, filed an Ex Parte Motion and Brief in Support of Motion for Protective Order, to Strike and to Seal Court Record. The Court attempted, without success, to reach Plaintiff at her law office phone number that late afternoon. The Court issued a Temporary Order Sealing Court Record.

The next morning, December 22, 2010, the Court reached Plaintiff on the telephone and, thereafter with the agreement of both parties, set a hearing date on the Defendants' motion for December 28, 2010.  That hearing was held in open Court.

At the December 28, 2010 hearing, Defendants requested, *inter alia*, that the Court strike

1

portions of the Complaint including the attached exhibits, and that the Complaint be sealed.

The Court received briefing and heard argument on the relevant Sixth Circuit decisions on public proceedings/pleadings: *Brown and Williamson Tobacco Co. v. Federal Trade Commission*, 201 F.2d 819 (6th Cir. 1953); *In Re: Knoxville News-Sentinel Newspapers*, 723 F.2d 470 (6th Cir. 1983); *Proctor & Gamble v. Bankers Trust Co.*, 78 F.3d 219, 225 (6th Cir. 1996).

At the conclusion of the hearing, the Court struck certain portions of Plaintiff's Complaint and the attached exhibits C, D and E. The Court found that these exhibits and the attendant paragraphs in the Complaint discussing them did not refer to Plaintiff, but instead involved other individuals, and thus were similar acts evidence, under Fed.R.Evid. 404(b), which is not properly part of a complaint under Fed.R.Civ.P. 8, which states that a pleading must contain "(a)(2) a short and plain statement of the claim. . .", and must (d) "be concise and direct."

Exhibits C, D and E deal with matters of a scandalous nature, see Fed.R.Civ.P 12(f), but the Court did not find it necessary to rule under Rule 12, given the clear Rule 8 violations. In discussing its decision to strike/seal at the December 28, 2010 hearing, the Court observed that Plaintiff's claim is that "scandalous behavior creates scandalous matter, but on the other hand, Rule 12(f) talks about a motion to strike scandalous matter. I'm not saying that this is scandalous, scandalous has the appearance of saying it doesn't belong in the case, we will see that down the line." (Motion Hearing, Dec. 28, 2010, P. 36). Thus, the Court noted that while the scandalous matter contained in Exhibits C, D and E, and the attendant paragraphs of the Complaint does not properly belong in the Complaint under Rule 8, as the case progresses toward trial, the Court will deal with this scandalous matter under the Federal Rules of Evidence

and the Federal Rules of Civil Procedure, including Rule 12(f) if necessary. In the meantime, any pleadings or motions relating to the subject matter in exhibits C, D and E must be filed under seal.

The Court adds, that if this ruling under Rule 8 relating to exhibits C, D and E and the attendant paragraphs in the Complaint, is later determined to not be subject to striking/sealing under Fed. R.Civ.P. 8, then it will revisit the application of Fed.R.Civ.P. 12(f).

In addition to its ruling on exhibits C, D and E and the attendant paragraphs in the complaint, the Court issued additional rulings in response to Defendants' motion.

The Court denied Defendants' request to strike paragraphs 29-32 and 43-52 of the Complaint.

One aspect of the hearing related to Defendants' request for confidentiality regarding the disposition of a case involving Defendants' law firm.  Compl. ¶ 100-101. Plaintiff stated that she would be amenable to rewording the factual assertions. (December 28, 2010 Hearing P. 32).

The Court granted the Defendants' motion to strike paragraph 106; it is tied to stricken exhibit D.

The Court denied the Defendants' motion to strike paragraph 107 of the Complaint.

The Court granted the Defendants' motion to strike paragraph 114 of the Complaint; it is tied to the stricken exhibit D.

Finally, the Court granted the Defendants' motion to strike paragraphs 123-125 pursuant to Fed.R.Civ.P. 8.

At the conclusion of the December 28, 2010 hearing, the Court ordered the filing of a reformulated Complaint incorporating the Court's rulings.  The parties agreed to work toward

that result. The Court also ruled that Plaintiff's first-filed Complaint would be kept under seal to protect Plaintiff against any potential subsequent defense claims regarding whether matters were timely raised in her Complaint.

Because a reformulated Complaint had not been filed by late January, the Court *sua sponte* ordered a status conference on February 16, 2011, to further the immediate public filing of a reformulated Complaint.

The Court ordered on February 16, 2011 that the parties file the reformulated Complaint no later than February 22, 2011, and that the initial Complaint be maintained under seal.[1]

CONCLUSION

In *Knoxville*, the Sixth Circuit stated that while the Supreme Court, in *Nixon v. Warner Communications*, 435 U.S. 589 (1978), noted that every court has supervisory powers over its own records and files, there is a long-established legal tradition of "the presumptive right of the public to inspect and copy judicial documents and files," *Knoxville* at 474, and that "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id*. at 476.

In the instant case, given that the stricken/sealed matter is not appropriate matter in the Complaint, and that it is scandalous in nature, and that it does not directly involve the Plaintiff, it is not proper pleading under Fed.R.Civ.P. 8. Further, Defendants' have established a showing of substantial personal and financial harm as to the stricken portions of the Complaint. Accordingly, the Court has concluded that the stricken portions of the initial Complaint should be sealed.

---

[1] The Court issued oral rulings on Defendants' Motion to Strike/Seal at the public hearing on December 28, 2010. These rulings are contained in the Opinion and Order. These rulings were not amended at the public status conference on February 16, 2011.

Accordingly, the Court grants in part Defendants' Motion to Strike/Seal Portions of the initial Complaint, requires filing of a reformulated Complaint by February 22, 2011, and preserves the sealed initial Complaint.

SO ORDERED.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 17, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 17, 2011.

S/Denise Goodine
Case Manager