UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ANN MARIE STINNETT**,

    *Plaintiff*,

v.                                                                                  Honorable Paul D. Borman

**BROOKS KUSHMAN P.C.**, and                          Case No. 2:10-cv-15043

 **MARK A. CANTOR**,                                          ***JURY TRIAL DEMANDED***
*jointly and severally*,

    *Defendants*.

_____/

**THE STINNETT LAW GROUP, PLC**
**ANN MARIE STINNETT  (P66209)**
101 W. Big Beaver Road, Suite 1400
Troy, Michigan 48084
(248) 687-1536
ams@stinnettlawgroup.com

    *Attorneys for Plaintiff*

**CLARK HILL, PLC**
**DANIEL J. BRETZ (P34335)**
**TRACY A. LEAHY (P39478)**
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
(313) 965-8300
dbretz@clarkhill.com
tleahy@clarkhill.com

    *Attorneys for Defendants*
_____/

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' EMERGENCY
EX PARTE MOTION TO STRIKE AND/OR SEAL AMENDED SECOND COMPLAINT**

## I.  INTRODUCTION

Defendants Brooks Kushman ("Brooks Kushman" or "Firm") and Mark Cantor ("Cantor") filed their Emergency Ex Parte Motion to Strike and/or Seal Amended Second Complaint (Ex Parte Motion II) in another transparent attempt to strike and/or seal allegations that Defendants do not want to answer—at least not *publicly*. Further, Defendants seek to strike a sworn declaration, two (2) publicly available news articles, and their own 2007 full-page advertisement in *Crain's Detroit Business*. Defendants undoubtedly benefited from their advertisement in 2007, and now they want to disavow it because it no longer suits their needs. Defendants cannot have it both ways.

Defendants argue a motion to dismiss in their Ex Parte Motion II, as they did in their first Ex Parte Motion and Brief in Support of Motion for Protective Order, to Strike, and to Seal the Court Record (Ex Parte Motion I), which is not docketed or publicly available at this time. If Defendants want to argue a motion to dismiss, then they should file one. Defendants should not get three (3) attempts at a motion to dismiss simply by mislabeling the first attempt "Ex Parte Motion I" and the second "Ex Parte Motion II."

Lastly, Defendants accuse Plaintiff of "callously destroy[ing] the reputation and livelihood of a law firm and the individuals who work there." (Ex Parte Motion II, p. 5.) What about Plaintiff? What about the numerous other female employees who were terminated or forced to leave over the years and whose lives were destroyed by the Firm's actions? If the allegations in Plaintiff's complaint are scandalous, it is only because the facts upon which they are based are scandalous. It is unbelievable that Defendants are now asking for sympathy from the Court for the very circumstances *they* created.

For the reasons that follow, Defendants' Ex Parte Motion II—completely devoid of any supporting case law—should be denied in its entirety.

## II.  FACTS

On December 19, 2010, Plaintiff filed her Complaint. (Exhibit A, Court's Docket, p. 2.) Two days later, on December 21, 2010, Defendants hand-delivered to the Court an Ex Parte Motion and Brief in Support of Motion for Protective Order, to Strike, and to Seal the Court Record (Ex Parte Motion I). As a result, the Court temporarily sealed the court record that same day. (*Id*.) In a telephone conference on December 22, 2010, Plaintiff was ordered to hand-deliver any sealed responses to the Court. (*Id*.) None of the hand-delivered papers relating to Defendants' Ex Parte Motion I have been docketed or made available to the public. (*Id*.)

A hearing was held on December 28, 2010, when the Court made specific rulings on the merits, ordered Plaintiff to make certain changes to her original complaint (now called the "Second Complaint"), and required Plaintiff to pass the Second Complaint by Defendant's counsel before filing it. (Defendants' Ex Parte Motion II, Exhibit 1, pp. 36-40.) The Court ruled that Plaintiff's original complaint, in its entirety, will be kept under seal to preserve her ability to take discovery on those matters the Court ruled were excessive under Fed. R. Civ. P. 8. (*Id*. at 39.) Contrary to Defendants' assertion in its Ex Parte Motion II, paragraph 2, the Court did not find the allegations "scandalous." (*Id*. at 36.)

Plaintiff made the changes to her Complaint in accordance with the Court's verbal rulings at the December 28, 2010 hearing. When Plaintiff provided the Second Complaint to Defendants' counsel, they objected. (Defendants' Ex Parte Motion II, Exhibit 2, p.

2.) Since the Court did not immediately issue a written order following the hearing, Plaintiff had to order, pay, and wait for a copy of the December 28, 2010 hearing transcript in order for Defendant's counsel to remove their objections, which they eventually did. (*Id*. at 1.)

On January 24, 2011, Karen Drew, a TV news anchor and reporter from WDIV Channel 4 News (NBC), contacted Plaintiff to do an interview about this case. [Exhibit B, Email from Karen Drew, Channel 4 News, to Plaintiff.] Plaintiff told Ms. Drew that the case was temporarily sealed. Ms. Drew told Plaintiff that her Producer called the Court on or about January 27, 2011. On January 27, 2011, the Court scheduled a status conference *sua sponte*, cancelled it, and the next day reinstated the status conference for February 16, 2011. (Exhibit A, p. 2.)

At the February 16, 2011 status conference, Plaintiff asked the Court to clarify an issue with the Local Rules and to issue a public written order for the December 28, 2010 hearing. In her argument, Plaintiff paraphrased Judge Gerald E. Rosen in *Flagg v. City of Detroit*, 268 F.R.D. 279, 303-304 (E. D. of Mich. 2010):

> The Free Press and the other local media representatives that have expressed concerns about the sealed filings in this case may rest assured that any rulings on the merits will be placed on the public docket—as have nearly all of the Court's rulings to date in this case—and that the record relied upon in making these rulings, including the parties' motions, briefs, and supporting exhibits, will be made available to the public and the media to the greatest extent possible. This is what the law requires, and the Court fully intends to follow this law to the letter in managing this litigation.

The Court agreed with Plaintiff and issued a public written order the next day, February 17, 2011.

### III.  ANALYSIS

Defendants make various unsupported arguments in their Ex Parte Motion II in an attempt to strike and/or seal allegations contained in Plaintiff's Amended Second Complaint—allegations they simply do not want to answer.  Defendants rely on excerpts from the Court's December 28, 2010 hearing transcript, taken out of context, as their only authority for relief besides a passing reference to Rule 8, 12, 26, and its own sealed motion.  Rule 26 cannot apply as that is a discovery rule, and the parties are not in discovery.  For the reasons that follow, Defendants' Ex Parte Motion II should be denied in its entirety.

> A.  Defendants complain that "Plaintiff did not provide Defense Counsel with an opportunity to review the Amended Second Complaint before filing it to ensure 'that it conforms with the Court's ruling.'"  (Ex Parte Motion II, paragraph 9, p. 3).

Neither the Court's verbal ruling on December 28, 2010 nor its February 17, 2011 written order required Plaintiff to give Defendants an opportunity to review an *amended* pleading in this case.  Fed. R. Civ. P. 15(a)(1) provides:  "A party may amend its pleading once as a matter of course within 21 days after serving it. . . ."  Defendants have not been served.  Plaintiff had no obligation to provide Defendants an opportunity to review the Amended Second Complaint in accordance with Fed. R. Civ. P. 15(a)(1).

> B.  Defendants complain that "Plaintiff's Amended Second Complaint is anything but a 'short plaint [*sic*] statement of the facts,'" as required by Rule 8. (Ex Parte Motion II, paragraph 10a (the second paragraph 10 as there are two paragraphs numbered 10), p.3.)

Plaintiff contends the numbered paragraphs in her Amended Second Complaint are short plain statements that are simple, concise, and direct in accordance with Fed. R. Civ. P. 8.  The number of paragraphs has less to do with Plaintiff's pleading than with the

number of adverse actions taken by Defendants against Plaintiff and other members of her protected class over the years. Fed. R. Civ. P. 8 requires simply admitting or denying the well-pled allegations—not continually asking the Court to strike and/or seal the allegations they do not want to answer.

>   C. Defendants complain that paragraphs 11-15, 51-52, 55-63, 68-72, and 77-78 should be stricken because they "occurred prior to Plaintiff's employment, which she did not witness, and which had nothing to do with her." (Ex Parte Motion II, paragraph 10b (the second paragraph 10 as there are two paragraphs numbered 10), pp.3-4.)

As in Defendants' Ex Parte Motion I, Defendants once again prematurely argue a motion to dismiss. (December 28, 2010 Sealed Hearing Transcript, p. 6, lines 2-5). To support their position, Defendants cite no case law.

Although premature at this stage, Plaintiff notes this Court's recent opinion in which the Court ruled in order to show a severe and pervasive environment to support a hostile work environment claim, the "(1) offensive conduct need not be directed at the plaintiff, (2) the plaintiff need not be present at the time of the offensive conduct; instead, she or he can learn of the conduct second-hand…." *Collins v. Faurecia Interior Sys., Inc.*, 737 F. Supp. 2d 792 (E. D. Mich. 2010), citing *Ladd v. Grand Trunk W. R.R., Inc.*, 552 F.3d 495, 500 (6th Cir. 2009).

Since this is not a motion to dismiss, paragraphs 11-15, 51-52, 55-63, 68-72, and 77-78 should not be stricken from Plaintiff's Amended Second Complaint as they support her hostile work environment claim under Title VII.

>   D. Defendants complain that Exhibit F, a publicly available news article, should be stricken and threaten Plaintiff with violating the Court's February 17, 2011 order for failing to file the entire Amended Second Complaint under seal. (Ex Parte Motion II, paragraph 10c, p. 4.)

Plaintiff attached Exhibit F, a publicly available news article, to show that Defendant Brooks Kushman changed their stated reason for termination from "economic

conditions" to "performance," which shows pretext necessary to her claims. Further, according to Exhibit F, Defendants claim to have a "zero-tolerance policy for harassment," which if true, Defendants should enforce. Because Exhibit F contains party admissions, is a publicly available document, and supports Plaintiff's claims, it should not be stricken, nor should it be the basis for sealing the entire Amended Second Complaint.

> E. Defendants complain that "[t]he Court found that exhibits are evidentiary materials that are not properly attached to a complaint" in an attempt to strike Exhibit C. (Ex Parte Motion II, paragraph 10d, p. 4.)

Defendants mischaracterize the Court's ruling in an effort to strike Exhibit C by taking the Court's words out of context. At the December 28, 2010 hearing, the Court said that evidentiary material, in this particular instance, is not necessary because "Plaintiff has pled a pervasive environment." Thus, the Court claimed there is no need to attach the additional exhibits because the Court already concluded a pervasive environment was pled. (Ex Parte Motion II, Exhibit 1, pp. 36-37.)

Further, Exhibit C is a sworn declaration that supports Plaintiff's allegation that Mr. Clarke was pleased with her performance and that Tom Lewry abruptly forced him to settle. Exhibit C also shows that Defendant Brooks Kushman continued to harass Plaintiff even after she left the Firm by telling her clients that she was no longer practicing law and had moved on to another career. For these reasons, Exhibit C, a sworn declaration, should not be stricken because it supports Plaintiff's claims.

> F. Defendants complain that Exhibit C and paragraphs 17 and 125-131 should be stricken or sealed because Plaintiff did not allege that the attorney-client privilege had been waived. (Ex Parte Motion II, paragraph 10d, p. 4.)

Defendants' attempt to strike and\or seal Exhibit C and paragraphs 17 and 125-131 must fail because Defendants have not shown that the attorney-client privilege even applies

to these allegations. Further, Plaintiff notes that the attorney-client privilege is the client's right to invoke, not opposing counsel's right in a motion to seal and/or strike Exhibit C and paragraphs 17 and 125-131.

> G. Defendants complain that Exhibits D and E should be stricken or sealed because "Exhibits D and E contain 'additional evidence' of Plaintiff's allegations, which the Court has ruled is not appropriate in a pleading." (Ex Parte Motion II, paragraph 10e, p. 4.)

Plaintiff incorporates her argument in Paragraph E as Defendants have, once again, mischaracterized the Court's ruling. Further, Exhibits D and E, which are public documents that support Plaintiff's claims, should not be stricken. Plaintiff notes that at the December 28, 2010 hearing, the Court *sua sponte* raised the existence of Exhibit D, which is a full-page advertisement of Defendant Brooks Kushman in *Crain's Detroit Business*. [December 28, 2010 Sealed Hearing Transcript, p. 31, line 5 - p. 32, line 6]. Further, Earl LaFontaine, who represented Defendant Brooks Kushman at the hearing, misled the Court. When asked by the Court whether the advertisement included the parties' names or any numbers, Mr. LaFontaine said the advertisement did not list parties' names or any numbers. [*Id*., p. 32, line 18 – p. 32, line 4.] Clearly, the Firm's advertisement, attached as Exhibit D, lists both the parties' names and numbers. Further, Defendant Brooks Kushman should not be allowed to seal or strike their own public advertisement as this is a party admission that supports Plaintiff's claims.

Further, Exhibit E is a publicly available document that references the same case as Exhibit D and supports Plaintiff's claims. Again, Plaintiff reiterates her argument at the December 28, 2010 hearing that nowhere in Plaintiff's Complaint does she mention the word "settlement." Defendants are reading that word into her Complaint in an effort to seal it from public view.

      H.      Defendants request the Court to "Hold Plaintiff in contempt of Court for her blatant disregard of this Court's Order and award Defendants their costs and attorneys fees."  (Ex Parte Motion II, sec. (d), p. 5.)

Plaintiff finds Defendants' request to hold her in contempt of Court absurd, especially given Defendants' own actions.  As mentioned in Paragraph G, the Court was misled by Earl LaFontaine's statements at the December 28, 2010 hearing.

Further, Defendants attached a sealed document to their publicly filed motion. Defendants' Exhibit 1 to their Ex Parte Motion II clearly states "sealed proceedings" at the bottom.  Defendants' counsel was fully aware that the December 28, 2010 hearing transcript was sealed because she refused to concur in a Motion to Unseal the Court's Hearing Transcript proposed by Plaintiff.  (Defendants' Ex Parte Motion II, Exhibit 2, p. 2.)  If any party should be held in contempt of Court, it should be Defendants, not Plaintiff, for attaching sealed documents to a publicly filed motion.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Emergency Ex Parte Motion to Strike and/or Seal Amended Second Complaint should be denied in its entirety.

                                   **THE STINNETT LAW GROUP, PLC**

                              By:   /s/Ann Marie Stinnett
                                      ANN MARIE STINNETT (P66209)
                                      101 W. Big Beaver Road, Suite 1400
                                      Troy, Michigan 48084
                                      Tel:  (248) 687-1536
                                       ams@stinnettlawgroup.com

                                        *Attorneys for Plaintiff*

Dated:  February 24, 2011

## CERTIFICATE OF ELECTRONIC SERVICE

I certify that on February 24, 2011, I electronically filed the following:

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO STRIKE AND/OR SEAL AMENDED SECOND COMPLAINT**

with the Clerk of the Court for the Eastern District of Michigan using the ECF System, which will send notification to the following registered participants:

Daniel J. Bretz
Tracy A. Leahy

                                    **THE STINNETT LAW GROUP, PLC**

                    By:    /s/Ann Marie Stinnett
                           ANN MARIE STINNETT (P66209)
                           101 W. Big Beaver Road, Suite 1400
                           Troy, Michigan 48084
                           (248) 687-1536
                           ams@stinnettlawgroup.com

                               *Attorneys for Plaintiff*