UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANN MARIE STINNETT

          Plaintiff,                  CASE NO. 10-15043

v.                                   PAUL D. BORMAN
                                   UNITED STATES DISTRICT JUDGE

BROOKS KUSHMAN P.C.
and MARK CANTOR

          Defendants.
_____/

**ORDER CONTINUING SEALING OF AMENDED SECOND COMPLAINT,
STRIKING PORTIONS OF ORIGINAL AMENDED SECOND COMPLAINT**

On February 22, 2011, pursuant to the Court's Order requiring deletion of improper content from the first Complaint, and after conferring with Defendants, Plaintiff filed a Second Complaint. However, shortly thereafter, on February 22, 2011, Plaintiff filed an Amended Second Complaint that contained, *inter alia*, some improper content the Court had ordered stricken from the Original Complaint, that was not contained in the Second Complaint filed moments earlier. Defendants filed a Motion to strike portions of the Amended Second Complaint; the Court held a hearing on Defendants' Motion on February 25, 2011.

The Court has sealed the Amended Second Complaint pending this Order. The Court continues the seal of the Amended Second Complaint because of certain improper content. The Court notes that the Second Complaint is not under seal.

The Court had held a previous hearing on Defendant's Motion to Strike the initial Complaint; thereafter, the Court issued an Opinion and Order regarding the initial Complaint on

1

February 17, 2011.

Plaintiff's initial Complaint contained 8 counts, 204 paragraphs, 29 pages; attached to the Complaint were 5 exhibits totaling 18 pages. As noted previously, the Court struck portions of that Complaint as containing improper pleading content, *inter alia*, not being clear and concise. Thereafter, Plaintiff filed an even longer Amended Second Complaint containing 10 counts, 280 paragraphs, 38 pages; attached to that Complaint were 5 exhibits totaling 10 pages.

The Court's Opinion and Order of February 17, 2011 struck portions of Plaintiff's Original Complaint and the attached exhibits, concluding

> that these exhibits and the attendant paragraphs in the Complaint
> discussing them did not refer to Plaintiff, but instead involved
> other individuals, and theirs were similar acts evidence, under
> Fed.R.Evid. 404(b) which is not properly part of a complaint under
> Fed.R.Civ.P. 8, which states that a pleading must contain (a)(2) "a
> short and plain statement of the claim. . . .", and must (d) "be
> concise and direct."

The Court finds that the proposed Second Amended Complaint is not concise and direct, and also contains some scandalous pleading, all of which violate Fed.R.Civ.P. 8(a) and (d), and/or 12(f).

The Court rules as follows with regard to Plaintiff's Amended Second Complaint:

1.  The Court strikes Exhibit F, an exhibit available to the public only by subscription, that incorporates many of the facts previously ordered stricken by the Court in its Order of February 17, 2011.

2.  The Court strikes paragraphs 12-14, pursuant to Rules 8(a) and (d) and 12(f); all three are based upon Plaintiff's "information and belief", and all occurred at some unspecified period of time before Plaintiff began employment at Brooks Kushman.

3.  The Court strikes paragraphs 53-63, additional "information and belief" paragraphs, pursuant to Rules 8(a) and (d), and 12(f).

4.  The Court declines to strike paragraph 52.

5.  The Court strikes paragraphs 69-70 and 77, "information and belief" paragraphs, pursuant to Rules 8(a) and (d).

6.  The Court strikes paragraph 17, an "information and belief" paragraph, pursuant to Rules 8(a) and (d).

7.  The Court declines to strike paragraph 125.

8.  The Court strikes paragraphs 126-131 as "information and belief" paragraphs, pursuant to Rules 8(a) and (d).

9.  The Court declines to strike paragraphs 149-154.

10.  The Court declines to strike paragraphs 161-163.

11.  The Court strikes paragraphs 166-170, "upon information and belief" pursuant to Rule 8(a) and (d).

12.  The Court declines to strike paragraphs 171-174.

13.  The Court strikes paragraphs 175-178 as "information and belief" paragraphs, pursuant to Rules 8(a) and (d).

14.  The Court declines to strike paragraphs 179-182 and 186.

15.  The Court strikes that portion of paragraph 181 after the word "performance"; because it references Exhibit F which the Court orders stricken, *infra*.

16.  The Court strikes Exhibit C.  In addition to violating Fed. R. Civ P. 8, this contains a potential violation of the attorney-client privilege insofar as the affidavit does not state that the

affiant waives the privilege.

17.  The Court declines to strike Exhibit D.

18.  The Court strikes Exhibit F as containing information previously stricken in the

Court's Order of February 17, 2011, and in addition pursuant to 12(f).

SO ORDERED.

Plaintiff shall submit a proposed revised amended second complaint, conforming to this

Order, to the Court within 2 weeks.  That proposal shall be submitted under seal; if the Court

determines that it complies with this Order, it will be unsealed.

Defendants are granted 14 days after the Court accepts and unseals the amended second

complaint to respond to that complaint, thereby mooting their Emergency Motion to Clarify

and/or Extend Time to Respond to Complaint.[1]

The Court will maintain a copy of the initial Amended Second Complaint as part of the

sealed record in this case.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

_____

[1] The Court notes that Exhibits 3 and 4 to this Emergency Motion contain copies of
Plaintiff's summons and Complaint return of service, evidencing (3) that on April , 2011,
Plaintiff served the Complaint on Defendant Brooks Kushman at its office, and (4) that on April
14, 2011, 9:26 p.m., Plaintiff served the Complaint on Defendant Mark Cantor at his residence,
leaving a copy with "his wife Mrs. Cantor who identified herself as his wife."
   Defendant's Emergency Motion states:
      "Although Defense Counsel, in open court, on the record, and
      again during the Rule 26 conference agreed to accept service of the
      Summon and Complaint on behalf of Defendants, Plaintiff served
      both parties with the Complaint. . . ." Emergency Motion P.3.

4

Dated: April 25, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 25, 2011.

s/Denise Goodine
Case Manager