UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**ANN MARIE STINNETT,**

           Plaintiff,

    v.

**BROOKS KUSHMAN, P.C. AND
MARK A. CANTOR,**

           Defendants.

_____/

**HONORABLE PAUL D. BORMAN**

**No. 10-15043**


**HEARING ON DEFENDANTS' EMERGENCY MOTION TO STRIKE
AND/OR SEAL AMENDED SECOND COMPLAINT**

**Friday, February 25, 2011**


Appearances:

Tracy A. Leahy
Ann Marie Stinnett                David Cessante
The Stinnett Law Group, PLC      Clark Hill, P.L.C.
101 W. Big Beaver Road, #1400    500 Woodward Avenue, #3500
Troy, Michigan  48084            Detroit, Michigan  48226-3435
(248) 687-1536                   (313) 965-8300
  On behalf of Plaintiff           On behalf of Defendants

-   -   -

*To obtain a certified transcript, contact:*
*Sheri K. Ward, Official Court Reporter*
*Theodore Levin United States Courthouse*
*231 West Lafayette Boulevard, Room 219*
*Detroit, Michigan  48226*
*(313)965-4401 · ward@transcriptorders.com*

*Transcript produced using machine shorthand and CAT software.*

*Motion to Strike and/or Seal Amended Second Complaint*
*Friday, February 25, 2011*

# I N D E X

Motion Hearing                                    Page

Argument by Ms. Leahy  ...........................3

Argument by Ms. Stinnett  .......................12

Argument by Ms. Leahy  ..........................22

Certification of Reporter .......................27

-   -   -

```
 1                              Detroit, Michigan

 2                              Friday, February 25, 2011

 3                              11:11 a.m.

 4                              -   -   -

 5          THE CLERK:  Stinnett v. Brooks Kushman and

 6   Mark Cantor, Case Number 10-15043.

 7          THE COURT:  Okay.  I'll just put out the pleadings

 8   here.

 9      Okay.  Will the party please identify themselves for the

10   record beginning with the plaintiff.

11          MS. STINNETT:  Ann Marie Stinnett for plaintiff.

12          THE COURT:  Okay.  And for defendants?

13          MS. LEAHY:  Tracy Leahy and David Cessante.

14          THE COURT:  Okay.  Can you spell both of your names

15   for Ms. Ward.

16          MS. LEAHY:  We have.

17          THE COURT:  Great.  Okay.  Who is going to be arguing

18   for defendants?

19          MS. LEAHY:  I am.

20          THE COURT:  Okay.  Have a seat for a minute and let

21   me just get everything in order.

22          MS. LEAHY:  Good morning, Your Honor.  You may recall

23   we were here on December 28th, at which time you struck

24   portions of the plaintiff's complaint, including three exhibits

25   that were attached to the complaint, and you ordered that the
```

*10-15043; Stinnett v. Brooks Kushman, Cantor*

*Motion to Strike and/or Seal Amended Second Complaint* 4
*Friday, February 25, 2011*

1    complaint be sealed and you ordered that plaintiff file a

2    reformulated complaint and provide defense counsel with a copy

3    for approval.

4        We were back here on February 16th, at which time you

5    clarified your ruling, and then you eventually issued a written

6    opinion and order on February 17th.

7        Your rulings have been very clear.  You have indicated

8    that Rule 8 requires a short, plain statement of the grounds

9    for plaintiff's claims, notice pleading is all that is

10   required, and that it is inappropriate to attach matters which

11   could be 404(b) inadmissible.  You ruled that it's not

12   necessary to attach evidentiary material to the complaint and

13   it is not appropriate pleading, and you directed plaintiff to

14   file the second complaint and give defense counsel a copy of it

15   and ordered that the original would remain under seal.

16       In blatant disregard of these rulings, after waiting weeks

17   to file a second complaint, Ms. Stinnett filed an amended

18   second complaint --

19            **THE COURT:**  Well, first she filed a

20   second complaint --

21            **MS. LEAHY:**  Minutes later she --

22            **THE COURT:**  -- on the 22nd.

23            **MS. LEAHY:**  That's true.

24            **THE COURT:**  Okay.  That complaint is not in any way

25   sealed.

*10-15043; Stinnett v. Brooks Kushman, Cantor*

1        **MS. LEAHY:**  That is correct.

2        **THE COURT:**  That complaint is open and about?

3        **MS. LEAHY:**  That is correct.

4        **THE COURT:**  As is every hearing that has been held in

5  court.  I see that there is a mistake on the docket sheet which

6  indicates -- we had the hearing December 28th.  It was in open

7  court and it was not to be sealed so that will be corrected,

8  but every hearing in court has been in an open court.  Nothing

9  has been closed.

10    So the second complaint was filed on February 28th, and

11  then briefly thereafter also on February 28th a second amended

12  complaint was filed.

13        **MS. LEAHY:**  It was actually February 22nd, but that

14  is correct.

15        **THE COURT:**  Let me just see it.

16        **MS. LEAHY:**  And that was the date you ordered that it

17  be filed.

18        **THE COURT:**  Right, right, right.

19        **MS. LEAHY:**  So nothing new happened in between the

20  filing of the second complaint and the amended

21  second complaint.  In fact, the amended complaint doesn't add

22  any new parties, and it doesn't add any new causes of action or

23  theories of liability.

24        **THE COURT:**  I think, in counting, are you talking

25  about the second amended complaint?

*Motion to Strike and/or Seal Amended Second Complaint* 6
*Friday, February 25, 2011*

1          **MS. LEAHY:**  Yes.

2          **THE COURT:**  Because I like to do things -- that has

3     ten counts, and the second complaint has eight counts.

4          **MS. LEAHY:**  What she did is she separated her hostile

5     environment and quid pro quo claims into separate, but they

6     were already pled in the second complaint so it's really not

7     any new cause of action.

8          So we believe the clear intent of the amended

9     second complaint was to skirt your ruling and your order.  She

10    never intended to rely on the second complaint.

11         **THE COURT:**  Let's talk, rather than she, talk about

12    Ms. Stinnett, okay?  Let's use that word, Ms. Stinnett, okay?

13         **MS. LEAHY:**  Sure, no problem.

14    Ms. Stinnett did not provide a copy of the amended

15    complaint to defense counsel because she knew we were not going

16    to approve it.

17         **THE COURT:**  Oh, you mean prefiling?

18         **MS. LEAHY:**  Exactly.  And the reason we were not

19    going to approve it is because it contains the same exact kinds

20    of allegations that the original complaint contained in which

21    we argued should be sealed and stricken and which this Court

22    did in fact seal and strike.

23         It's very clear to us from the attachments to her response

24    and her attachments as exhibits to the amended second complaint

25    and her references to the IP360 article and Karen Drew that the

*10-15043; Stinnett v. Brooks Kushman, Cantor*

 1  motive for the amended second complaint is nothing more than to

 2  obtain public disclosure of matters that are unsubstantiated

 3  and that may never be admissible in this case.  More

 4  importantly, it skirts your ruling and ignores your ruling from

 5  the bench and your written order.

 6      So our issue with the original complaint and with this

 7  amended second complaint is that it goes way beyond the

 8  necessity of notice pleading.  That's number one.

 9      Many of the allegations -- I counted at least 58 -- are

10  not based on personal knowledge.  They are pled upon

11  information and belief, which means that they are hearsay and

12  they may never be admissible in this case.  She's getting

13  judgment essentially --

14          **THE COURT:**  Wait.  Ms. Stinnett.

15          **MS. LEAHY:**  Excuse me, Ms. Stinnett, I apologize.

16      Ms. Stinnett is essentially getting judgment by pleading

17  of matters that may not ever be admissible in this case.  So

18  what we are saying is that this highly questionable, totally

19  possibly inadmissible allegation should not be paraded around

20  for the transparent purpose of public humiliation or personal

21  revenge.  This is not a motion to dismiss.  We are not, as she

22  alleges, trying to avoid answering any of the allegations.  In

23  fact, we look forward to moving forward with this case.  We

24  approved the filing of this --

25          **THE COURT:**  So is Ms. Stinnett.

1      **MS. LEAHY:**  We approved the second complaint

2  six weeks ago.  She's the one who sat on it.  Ms. Stinnett is

3  the one who sat on it and did not file it.  Our point is that

4  she doesn't need all of these new factual allegations or these

5  exhibits that she's attached to her motion to go forward with

6  her claims.

7      So we are requesting that you strike Exhibit F and

8  Paragraphs 166 through 174 and 179 through 183.  Those relate

9  to --

10      **THE COURT:**  Say that again.  166 through 174 and 179

11  to 183.

12      **MS. LEAHY:**  That's correct.

13      Exhibit F violates the Court's previous order.

14  Ms. Stinnett is trying to get in through the back door, which

15  you have already previously ruled she cannot and should be

16  sealed.  Exhibit F quotes from the three exhibits that were

17  attached to her original complaint, which you struck as

18  additional evidence that was not appropriate under Rule 8, and

19  Ms. Stinnett has, in her response, which I would like to

20  respond to now, if you'd like --

21      **THE COURT:**  You can respond after she does if you

22  want or you can do it right now.

23      **MS. LEAHY:**  All right.  She's argued that Exhibit F

24  is already in the public domain.  In fact, we do not agree with

25  that.  This particular article is available by subscription

 1   only, and it's directed at a very select group of attorneys,

 2   those that have -- those that practice intellectual property or

 3   trademark law.

 4        But, more importantly, even if it is in the public domain,

 5   it refers to those matters that you have already ruled are

 6   stricken and should be sealed, and she can go forward with the

 7   allegations in her complaint without the necessity of this

 8   exhibit being attached.

 9        We are also requesting that you strike Paragraphs 12

10   through 14, 51 through 63, 69 through 70, and 77.  These

11   concern --

12             **THE COURT:**  69?

13             **MS. LEAHY:**  Through 70.

14             **THE COURT:**  Okay.

15             **MS. LEAHY:**  And 77.

16             **THE COURT:**  And 77.

17             **MS. LEAHY:**  Yeah.

18             **THE COURT:**  Okay.

19             **MS. LEAHY:**  These allegations concern events that

20   occurred in 1994 and in 1995 and/or are otherwise undated but

21   which suggest that they occurred prior to her employment with

22   the firm.  Each paragraph, again, is not based on personal

23   knowledge.  It's pled based upon information and belief.  She

24   has no personal knowledge of these events other than what she

25   may have been told by others.  She wasn't even working at the

```
 1    firm when several of these events occurred nine years earlier,

 2    and again, she can plead and she can go forward with her claims

 3    without this unsubstantiated inadmissible hearsay.

 4         We are also requesting that you strike Paragraphs 17 and

 5    125 through 131.  These reference attorney-client

 6    communications.  There's no allegation in the amended

 7    second complaint that the client waived any -- waived the

 8    attorney-client privilege, nor is there any allegation in the

 9    affidavit, I believe it's Exhibit C -- yes -- that the

10    attorney-client privilege was being waived.  Again, as with the

11    others, it's not necessary for her claims.  She can proceed

12    without these allegations.

13         The same thing with respect to Exhibits D and E, and with

14    respect to Paragraphs 149 through 154, 161 through 163, and 175

15    through 178.

16              THE COURT:  Let me ask a question --

17              MS. LEAHY:  Uh-huh.

18              THE COURT:  -- when you get to exhibits.  You are

19    talking about the amended second complaint?

20              MS. LEAHY:  Yes.

21              THE COURT:  Exhibit D is that big ad that I saw, I

22    think, in Crain's?

23              MS. LEAHY:  I believe it was, and if I can clarify as

24    to Exhibit D and this particular matter which is referenced in

25    Exhibit D.  This was published at the time of the original
```

1    judgment.  There was no payment at that time or settlement at

2    that time.  Settlement -- there was an appeal taken, and there

3    was not a settlement until two years later.

4        Exhibit E references the time frame of the settlement of

5    that matter, and there was no comment by the firm at that time

6    other than to indicate that there had been a settlement.

7    Mr. Andilary [sp] is quoted from the second-to-the-last

8    paragraph.

9            **THE COURT:**  You are talking about Exhibit F?

10           **MS. LEAHY:**  I'm talking about Exhibit E.

11           **THE COURT:**  E?

12           **MS. LEAHY:**  Yes.

13           **THE COURT:**  Okay.  The second-to-the-last paragraph,

14   okay.

15       Okay.  So you're saying --

16           **MS. LEAHY:**  So there is -- I'm sorry.

17           **THE COURT:**  So you are saying take something that you

18   advertised in a newspaper and seal that.

19           **MS. LEAHY:**  Strike it, and the reason for that is

20   that it is completely unnecessary for the notice pleading

21   aspect of her case.  She can go forward without these

22   additional exhibits being attached to the complaint.

23           **THE COURT:**  Okay, okay.  I'll call you back because

24   you are the moving party --

25           **MS. LEAHY:**  Okay.

*10-15043; Stinnett v. Brooks Kushman, Cantor*

*Motion to Strike and/or Seal Amended Second Complaint*[12]
*Friday, February 25, 2011*

1      **THE COURT:**  -- after Ms. Stinnett.

2           **MS. STINNETT:**  Your Honor, I would like to address my

3      filing of the amended second complaint first.  At the hearing

4      on the 28th I was pretty aware that there was going to be an

5      inevitable 12(b)(6) motion filed.  At that point I realized

6      that I needed to amend my complaint to make sure that I have

7      included every possible thing that I could remember, and in

8      doing so, I amended the complaint and I filed --

9           **THE COURT:**  You stated on Page 8 of the transcript we

10     are thinking of possibly filing somewhere down the road an

11     amended second complaint.

12          **MS. STINNETT:**  Yes, Your Honor, I did, and we did

13     file that right after we filed the second complaint per your

14     order.  And under Rule 15 I have a right to do that because

15     defendants have not been served yet and it is within 21 days of

16     that.  So I just did it per leave of court per the federal

17     court rule.

18          **THE COURT:**  And in doing that did you not violate the

19     Court order of the, I believe it's the 17th of February where

20     it said, "The Court notes that the scandalous matter contained

21     in Exhibits C, D and E of the original complaint and the

22     attendant paragraphs in the complaint itself do not properly

23     belong in the complaint," and then at the bottom of Page 2,

24     going to Page 3, I say, "In the mean time, any pleadings or

25     motions relating to the subject matter in Exhibits C, D and E

*10-15043; Stinnett v. Brooks Kushman, Cantor*

1     must be filed under seal."

2         As I read the second amended complaint, in Paragraph 52,

3     that deals with C, Exhibit C from the first complaint.  As I

4     read Exhibit F, that also deals with some of those matters on

5     the second page of Exhibit F by the amended second complaint.

6     It deals with Exhibit D in the earlier complaint.  So those

7     two matters directly violate the Court's Opinion and Order with

8     regard to this matter that was handed down.

9         **MS. STINNETT:**  Yes, Your Honor.  In regards to

10    Paragraph 52, I believe, and I'll have to double-check, that

11    what you ordered not to be struck did have to do with a

12    documented incident in 1994.  I was also told this by the

13    particular person.  She told other folks as well.  So I don't

14    feel that it violated your order at all.

15        In regards to Exhibit F, the reason why I included that

16    was because that was the first time ever I was notified that

17    the reason for my termination was due to performance.  I was

18    never told that earlier, and to me that's a party admission.

19    It goes directly against what they said earlier, that it was

20    due to economic conditions, and that shows pretext, which is

21    important for my claims.

22        **THE COURT:**  Right, but that also contains material on

23    the second page that the Court had covered in its order with

24    regard to not going there because of its scandalous nature.

25        **MS. STINNETT:**  If it does, Your Honor, it's maybe

*Motion to Strike and/or Seal Amended Second Complaint*<sub>14</sub>
*Friday, February 25, 2011*

 1    one sentence or two.

 2         **THE COURT:**  You know, there is a possibility of

 3    redaction.  Certainly I think the part where you claim that

 4    originally they said it was a reduction in force --

 5         **MS. STINNETT:**  Yes, Your Honor.

 6         **THE COURT:**  -- then they said it was performance that

 7    is relevant and appropriate.

 8         And I might as well use the microphone.  Is that why you

 9    are looking at me, Ms. Ward?  I'm sorry.

10         Also, the ad that they put in *Crain's* larger than life is

11    out and about, as I mentioned, but there are two aspects to it

12    at this point in the second amended complaint that violates the

13    Court's order.  So go ahead, argue further, then we'll --

14         **MS. STINNETT:**  Okay.  And I assume you are talking

15    about Number 52 and the Exhibit F?

16         **THE COURT:**  It's, yeah, Paragraph 52, which relates

17    to C from the initial complaint and Exhibit F on the

18    second page, which deals with Exhibit D in the initial

19    complaint, both of which were covered by the order.

20         **MS. STINNETT:**  In regards to Paragraph 52, I do

21    believe, and I will need to double-check, I don't have a copy

22    of the original complaint with me sealed, but I do believe that

23    you let survive that there was a documented incident in 1994,

24    and the reason would be because it shows that the firm had

25    knowledge of a documented incident back in 1994.

*10-15043; Stinnett v. Brooks Kushman, Cantor*

*Motion to Strike and/or Seal Amended Second Complaint*<sub>15</sub>
*Friday, February 25, 2011*

1   **THE COURT:**  That was not my ruling.  I didn't rule on

2   the evidence.

3   **MS. STINNETT:**  I believe, I will have to see, this

4   may have been reworded, but I believe that the 1994 date was

5   preserved.  I wish I had a copy of it.  If you don't mind,

6   Your Honor, could we take a break?  I think I do have one in

7   the sealed complaint.  I can take a look at it.

8   **THE COURT:**  Yeah, have a seat.

9   **MS. STINNETT:**  Okay.

10   **THE COURT:**  You can sit down and relax.

11   **MS. STINNETT:**  Okay.

12   I am ready to go.  On Number 42 of the original complaint,

13   it reads, "Upon information and belief, Defendant Brooks

14   Kushman and Ernie Brooks were aware --

15   **THE COURT:**  42 of the original?

16   **MS. STINNETT:**  Yes.

17   **THE COURT:**  May I get to that?  I also have

18   three different copies up here, so let me -- okay.

19   Right.  What was ordered out was 43 through "upon the

20   information and belief," those were paragraphs which were --

21   **MS. STINNETT:**  It was actually left in.  It was just

22   that the reference --

23   **THE COURT:**  42 was left in.

24   **MS. STINNETT:**  Well, actually 43 and 44 were left in.

25   It was the reference to Exhibit C that was taken out.  I just

*10-15043; Stinnett v. Brooks Kushman, Cantor*

*Motion to Strike and/or Seal Amended Second Complaint*<sub>16</sub>
*Friday, February 25, 2011*

1   couldn't refer to Exhibit C because it no longer existed.

2       **THE COURT:**  You have transcript there, you say?

3       **MS. STINNETT:**  Pardon me?

4       **THE COURT:**  Are you reading transcript?

5       **MS. STINNETT:**  No, this is what you ordered if you

6   look at the second amended complaint.

7       **THE COURT:**  Well, I'm looking at my order, the

8   written order.

9       **MS. STINNETT:**  Your written order didn't discuss

10  that.  It was from your transcript.

11      **THE COURT:**  No, my written order discussed everything

12  because --

13      **MS. STINNETT:**  And that's where I had confusion on

14  that.

15      **THE COURT:**  That's why I did the written order

16  because at the hearing prior to that at the status conference

17  there was a question, and that's why I dealt with those

18  attached exhibits.

19      **MS. STINNETT:**  The second complaint, Your Honor, if

20  you look at it --

21      **THE COURT:**  The second complaint?

22      **MS. STINNETT:**  The second complaint that took into

23  effect the rulings from the Court, it allowed what Dan Bretz

24  and Ms. Leahy approved, without use of a better word, does

25  include these allegations in Exhibit C.  They have survived.

*10-15043; Stinnett v. Brooks Kushman, Cantor*

*Motion to Strike and/or Seal Amended Second Complaint*₁₇
*Friday, February 25, 2011*

1       **THE COURT:**  Can you give me the paragraph numbers of

2   those?

3       **MS. STINNETT:**  The second complaint?

4       **THE COURT:**  Yeah.

5       **MS. STINNETT:**  I don't even think I have the

6   second complaint.  I am not sure.

7       **THE COURT:**  I do, but it's so marked up that it

8   wouldn't help.

9       **MS. STINNETT:**  I believe that they said the same.

10  They are somewhat -- they have been reformatted in the amended

11  second complaint.

12      **THE COURT:**  What are the numbers?

13      **MS. STINNETT:**  I believe it's Paragraphs 42 through

14  44.

15      **THE COURT:**  Okay, okay, okay, okay.

16      Okay, 42 to 44.  Okay, the second complaint.  Okay.

17      **MS. STINNETT:**  And I guess just to reiterate,

18  Paragraph 52 of the current amended second complaint, it does

19  refer back to earlier versions of the complaint that allowed

20  the 1994 date and the fact that it was documented to survive.

21      **THE COURT:**  Right.  That's in the second -- the

22  amended second complaint dealing with 52.  That's what you're

23  saying.

24      **MS. STINNETT:**  Yes, Your Honor.

25      **THE COURT:**  Okay.

*10-15043; Stinnett v. Brooks Kushman, Cantor*

*Motion to Strike and/or Seal Amended Second Complaint*18
*Friday, February 25, 2011*

1      **MS. STINNETT:**  Should I move on to the next?

2      **THE COURT:**  Yes.

3      **MS. STINNETT:**  I think the second one, I apologize if

4   I didn't hear you correctly, was it Exhibit F that we were

5   talking about?

6      **THE COURT:**  Yes, yes.  We were talking about

7   Exhibit F, the second page.

8      **MS. STINNETT:**  Right.  I, I guess, articulated

9   earlier the reason for including Exhibit F in my complaint.  I

10   am not opposed, if there are sentences that are in here that

11   relate to C, D or E, that that sentence be stricken in

12   accordance with your order.  If I might find here where there

13   is one.

14      I think on the second page of Exhibit F, three paragraphs

15   down, the third paragraph, I believe that was in regards to

16   one of the exhibits that were stricken.

17      **THE COURT:**  Okay.  We are dealing with the

18   second amended complaint.  We are dealing with Exhibit F.

19      **MS. STINNETT:**  Yes, Your Honor.

20      **THE COURT:**  Okay.  And we are dealing with which,

21   which paragraph, did you say?

22      **MS. STINNETT:**  I believe it was the third paragraph

23   on the second page.

24      **THE COURT:**  Yeah.

25      **MS. STINNETT:**  I'm just going to read it to make sure

1    there aren't any other references.

2        I don't see any, but perhaps Ms. Leahy would want to

3    comment.

4        I don't see anything further, Your Honor.  I don't know if

5    Ms. Leahy wants to speak to --

6        **THE COURT:**  Well, she has the opportunity since she

7    is the moving party.

8        **MS. STINNETT:**  Okay.  Just continue on then?

9        **THE COURT:**  Yeah, you can continue on.

10       **MS. STINNETT:**  Okay.  In regards to Exhibit -- well,

11   we have already spoke about Exhibit F.

12       **THE COURT:**  F being?

13       **MS. STINNETT:**  Law 360 article.

14       **THE COURT:**  Right.  Well, her, her argument is that

15   because it's a subscription issue it is not generally out in

16   the public domain, I guess is the right term, and that

17   therefore because it does contain that paragraph in particular

18   that that part of it is improper, and you are saying that you

19   will sit down with them and redact it.

20       **MS. STINNETT:**  I can get rid of the third paragraph

21   on the second page that references Exhibits C, D or E.

22       **THE COURT:**  And the other part you say was because

23   the shareholder Brooks Kushman then changed the reason for your

24   termination that it is relevant?

25       **MS. STINNETT:**  Yes, Your Honor.  Yes, Your Honor.

*Motion to Strike and/or Seal Amended Second Complaint* 20
*Friday, February 25, 2011*

1  And they also claimed to say that they had a zero tolerance

2  harassment policy.  I had never heard that before either, and

3  that's another party admission that I would like to use further

4  down the road.  I did use it in my second amended complaint.

5      In regards to Exhibit C, which is a sworn declaration from

6  Mr. Clarke.

7          **THE COURT:**  Right.

8          **MS. STINNETT:**  I think they are trying or have

9  alleged that they want this stricken or sealed because it has

10  to do with attorney-client privileged communications, and I

11  find that odd because it's the client that usually exercises

12  the attorney-client privileged communications and I also find

13  it odd because Mr. Clarke signed a --

14          **THE COURT:**  That's Clarke with an E, Ms. Word.

15          **MS. STINNETT:**  Yes, C-l-a-r-k-e.

16  He signed a declaration with the heading and the

17  identifying information for this lawsuit.  He was well aware of

18  what he was doing and that I was going to attach it to a

19  pleading.  So I don't think that that argument should go

20  forward.

21      And then in regards to --

22          **THE COURT:**  You are saying that he wasn't a client

23  indeed in 2009 because he wanted to have you as his lawyer?

24          **MS. STINNETT:**  Yes, Your Honor.

25          **THE COURT:**  And they told him that you weren't there

*10-15043; Stinnett v. Brooks Kushman, Cantor*

*Motion to Strike and/or Seal Amended Second Complaint* 21
*Friday, February 25, 2011*

 1   anymore?

 2           **MS. STINNETT:**  Yes, Your Honor.  I feel that is --

 3           **THE COURT:**  You are saying there is no

 4   attorney-client privilege because he wasn't a client of the

 5   firm?

 6           **MS. STINNETT:**  At the time, that is true, Your Honor,

 7   as well.

 8       And in regards to events that defendants claim happened

 9   prior to my arrival at the firm, I think they are pertinent.  I

10   was aware when I worked at the firm of some of these things

11   that were occurring, and it did make me very uncomfortable

12   around certain people just knowing what the -- I'm not even

13   sure if it was true, I believed it to be true from the people

14   who told me, but it was enough from what I have seen and from

15   what I have heard, enough to make me want to stay away from

16   certain individuals any possible way I could, and that did have

17   an effect on me at the firm and how I worked at the firm.  So I

18   believe that that is very relevant, and I think that that

19   should remain in the case.  And I did cite to one of your court

20   opinions where it says --

21           **THE COURT:**  That's always a good idea.

22           **MS. STINNETT:**  I thought so, too.  But it references

23   offensive conduct need not be directed at the plaintiff.  The

24   plaintiff need not be present at the time of the offensive

25   conduct.  In fact, she can learn of the conduct secondhand.

*10-15043; Stinnett v. Brooks Kushman, Cantor*

*Motion to Strike and/or Seal Amended Second Complaint*<sub>22</sub>
*Friday, February 25, 2011*

1    **THE COURT:**  And it cites a Sixth Circuit opinion of

2    *Ladd*, L-a-d-d.

3    **MS. STINNETT:**  It does, Your Honor.

4    And I believe I have covered most of their arguments.  I

5    did want to say that I don't believe that I should be

6    sanctioned in any way, having to pay costs or be held in

7    contempt of court, for that not to happen.  Thank you,

8    Your Honor.

9    **THE COURT:**  Okay.  Thank you.

10   **MS. LEAHY:**  I wanted clarify first that --

11   **THE COURT:**  You are talking too fast.

12   **MS. LEAHY:**  I wanted to clarify first that the relief

13   we are requesting is striking of the complaint in its --

14   second amended complaint in its entirety --

15   **THE COURT:**  Striking or sealing.

16   **MS. LEAHY:**  -- or striking the specific paragraphs I

17   mentioned.  The second complaint is sufficient.  It sets forth

18   her claims.  She can go forward on that.  She does not need the

19   additional factual allegations that she has alleged in this

20   amended second complaint and because --

21   **THE COURT:**  Are you saying that you are not going to

22   file a motion to dismiss the complaint, you are going to rely

23   on summary judgment?

24   You are saying there is enough facts alleged in the

25   second complaint so that it's sufficient for her to move ahead

*Motion to Strike and/or Seal Amended Second Complaint*<sub>23</sub>
*Friday, February 25, 2011*

1   on the case into discovery past a motion to dismiss.  Is that

2   what you are saying?

3          **MS. LEAHY:**  I'm not saying that.  I am saying that

4   she has pled her claims.  I don't know whether we are going to

5   be filing a motion to dismiss.  I don't want to concede that

6   she has pled enough of her claims, but at the same time I think

7   that her pleadings are sufficient to go forward.

8          **THE COURT:**  Okay.

9          **MS. LEAHY:**  With respect to Exhibit F, there are

10  several other matters and paragraphs in that exhibit which you

11  previously ruled were stricken or sealed.  The second --

12         **THE COURT:**  Why don't we pull that up and look at it.

13  You can look at it.  Which page and which paragraph?

14         **MS. LEAHY:**  The first paragraph of Page 2.

15         **THE COURT:**  Okay.

16         **MS. LEAHY:**  First of all, it inaccurately states that

17  Ms. Stinnett won the contingency case, and I don't believe she

18  even worked on the case.  But notwithstanding that, your prior

19  ruling was that all numbers with respect to that settlement

20  would be redacted and stricken from the original complaint, and

21  this paragraph of the article specifically references specific

22  numbers and amounts of that settlement.

23         Similarly, with respect to the second paragraph on Page--

24         **THE COURT:**  Well, it says that the total win amount

25  was one thirty-three, netting at least fifty.

*10-15043; Stinnett v. Brooks Kushman, Cantor*

1    **MS. LEAHY:**  Right, and your previous ruling was that

2    numbers would not be included in the allegations of the

3    paragraph related to that settlement.  It is a confidential

4    settlement, and the firm has not spoken about the settlement.

5        Similarly, with respect to the third paragraph of

6    Exhibit F --

7        **THE COURT:**  That's going to be out eventually.

8        **MS. LEAHY:**  Okay, excuse me.  That's correct.

9        Okay.  With respect to the fourth paragraph, again, the

10   confidential resolution of other matters you clearly struck

11   from the prior complaint, and this article references those in

12   Paragraph 7.

13       **THE COURT:**  Are you talking about C, D and E of the

14   original one which dealt with EEOC complaints?

15       **MS. LEAHY:**  Yes.

16       **THE COURT:**  Okay.

17       **MS. LEAHY:**  I don't want to limit ourselves.  This

18   doesn't need to be attached as a pleading.  It contains some

19   inaccurate information, number one.  Number two, it's not

20   necessary to plead the allegations with respect to her pretext

21   argument.  She can simply allege, and did allege, in her

22   second complaint that the reasons offered were pretextual

23   because she was never told allegedly that it was performance

24   reasons.  So she doesn't need this to be attached to the

25   complaint at all to make those allegations.

*Motion to Strike and/or Seal Amended Second Complaint* 25
*Friday, February 25, 2011*

1    **THE COURT:** When you say she doesn't need it, I guess

2    from the Court's point of view I don't tell a party what they

3    need. I tell them what the law permits or doesn't permit.

4    So --

5    **MS. LEAHY:** You have already ruled that it's Rule 8

6    notice pleading and that it's inappropriate to attach exhibits

7    to the complaint, and that's exactly what she did with

8    respect -- that Ms. Stinnett did with respect to this

9    particular exhibit and the other three that she attached.

10    **THE COURT:** Exhibit F. Well, when you say the Clarke

11    affidavit, have you got a problem with that in the --

12    **MS. LEAHY:** Yes. I'm getting to that right now.

13    First of all, nowhere in this affidavit and nowhere in this

14    complaint does Mr. Clarke -- is it alleged that Mr. Clarke is

15    waiving the attorney-client privilege, and there are specific

16    references in Paragraph 6 and 7 to events that occurred while

17    that case was pending.

18    **THE COURT:** Oh, with regard to the settlement matters

19    in the initial representation?

20    **MS. LEAHY:** Right, exactly.

21    **THE COURT:** Okay. So does attorney-client apply

22    there.

23    **MS. LEAHY:** Right, and I think the real purpose of

24    this affidavit was to suggest that Ms. Stinnett was performing

25    to what she believed to be up to expectations, and that's

*10-15043; Stinnett v. Brooks Kushman, Cantor*

1    really the only purpose of this, as I can see it.

2        With respect to the other acts of alleged harassment or

3    the other conduct that she's complaining of, while it's true

4    that she does not have to witness that conduct, she does need

5    to be aware of it and she does need to be aware of it at the

6    time of her employment.  And the *Hawkins v. Anheuser Bush* case

7    clearly indicates that.  It's not sufficient that she learn

8    about it at sometime after her employment, and the allegations,

9    many of the allegations in her complaint don't reference when

10   she learned about this conduct, the ones that she actually

11   alleges that she was aware of.  Many of the allegations she

12   never even alleges that she was aware of, and they are just

13   pled upon information and belief.  So we have no way of knowing

14   that she actually did know about many of them.

15       And I think that responds to the issues.

16       **THE COURT:**  Okay.  Thank you.

17       The Court has before it right now the issue of sealing the

18   second amended complaint.  With regard to Exhibit F, the

19   plaintiff admits that that part, the third paragraph at least,

20   does violate the Court's order and opinion on February 17th,

21   2010.  What I'm going to do is seal the second amended

22   complaint now.  I'm going to get a copy of the transcript,

23   we'll go over everything, and then issue an order.  In the mean

24   time, to the extent that the parties want to work on it, they

25   can, but I'm not ordering them to.  I'm going to look at the

1    items that were alleged.  I am not going to suppress clearly

2    Exhibit D, and when I say not, in my ultimate order.

3         But right here we are going to seal the complaint.  We

4    have a second complaint out and about in the public domain, and

5    I will work on issuing an Opinion and Order with regard to

6    plaintiff's claims and the defendant's responses and the

7    defendant's motion as to whether this is a violation of Rule 8

8    or Rule 12.

9         In the mean time you can meet and proceed further on

10   discovery and matters like that because there is a viable

11   complaint, and let's move ahead.  Okay?  Have a good weekend.

12        **MS. STINNETT:**  Thank you, Your Honor.

13        **MS. LEAHY:**  Thank you, Your Honor.

14        **THE COURT:**  Thank you.

15        (Proceedings concluded at 11:54 a.m.)

16                       -   -   -

17              **C E R T I F I C A T I O N**

18        I, Sheri K. Ward, official court reporter for the

19   United States District Court, Eastern District of

20   Michigan, Southern Division, appointed pursuant to the

21   provisions of Title 28, United States Code, Section 753,

22   do hereby certify that the foregoing is a correct

23   transcript of the proceedings in the above-entitled cause

24   on the date hereinbefore set forth.

25

*Motion to Strike and/or Seal Amended Second Complaint*
*Friday, February 25, 2011*

1           I do further certify that the foregoing

2      transcript has been prepared by me or under my direction.

3

4    s/ Sheri K. Ward_____          May 4, 2011
     Sheri K. Ward                    Date
5    Official Court Reporter

6                              -   -   -

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*10-15043; Stinnett v. Brooks Kushman, Cantor*