## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ANN MARIE STINNETT**,

      *Plaintiff*,

v.                                          Honorable Paul D. Borman

**BROOKS KUSHMAN P.C.**, and                  Case No. 2:10-cv-15043

**MARK A. CANTOR**,                       ***JURY TRIAL DEMANDED***
*jointly and severally*,

      *Defendants*.

_____/

**THE STINNETT LAW GROUP, PLC**
**ANN MARIE STINNETT (P66209)**
101 W. Big Beaver Road, Suite 1400
Troy, Michigan 48084
(248) 687-1536
ams@stinnettlawgroup.com

      *Attorneys for Plaintiff*

**CLARK HILL, PLC**
**DANIEL J. BRETZ (P34335)**
**TRACY A. LEAHY (P39478)**
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
(313) 965-8300
dbretz@clarkhill.com
tleahy@clarkhill.com

      *Attorneys for Defendants*

_____/

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF APRIL 25, 2011 ORDER

Plaintiff, Ann Marie Stinnett, moves to reconsider the Court's April 25, 2011 Order under Local Rule 7.1(h).  The Court's Order is contrary to Sixth Circuit law and does not take into account Magistrate Judge Michelson's findings of April 26, 2011.  For the reasons that follow, the Court should unseal the Amended Second Complaint, redact only those allegations it finds truly "scandalous" under Fed. R. Civ. P. 12(f), and revisit the allegations it struck given Magistrate Judge Michelson's recent findings.

The factual and legal bases for this motion are set forth more fully in the accompanying brief in support.  Plaintiff's counsel sought concurrence in this motion from Defendants' counsel on May 8, 2011.  Defendants have not concurred in the requested relief.

Respectfully submitted,

**THE STINNETT LAW GROUP, PLC**

By:    /s/Ann Marie Stinnett
       ANN MARIE STINNETT (P66209)
       101 W. Big Beaver Road, Suite 1400
       Troy, Michigan 48084
       (248) 687-1536
       ams@stinnettlawgroup.com

Dated:  May 9, 2011                *Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ANN MARIE STINNETT**,

      *Plaintiff*,

v.                                                          Honorable Paul D. Borman

**BROOKS KUSHMAN P.C.**, and                               Case No. 2:10-cv-15043

**MARK A. CANTOR**,                                        ***JURY TRIAL DEMANDED***
*jointly and severally*,

      *Defendants*.

_____/

**THE STINNETT LAW GROUP, PLC**
**ANN MARIE STINNETT (P66209)**
101 W. Big Beaver Road, Suite 1400
Troy, Michigan 48084
(248) 687-1536
ams@stinnettlawgroup.com

      *Attorneys for Plaintiff*

**CLARK HILL, PLC**
**DANIEL J. BRETZ (P34335)**
**TRACY A. LEAHY (P39478)**
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
(313) 965-8300
dbretz@clarkhill.com
tleahy@clarkhill.com

      *Attorneys for Defendants*

_____/

## BRIEF IN SUPPORT OF
## PLAINTIFF'S MOTION FOR RECONSIDERATION OF APRIL 25, 2011 ORDER

## I.     <u>INTRODUCTION</u>

Sealing has been an issue in this case from the very beginning.  In order to seal a pleading, such as a complaint, the Court must have a "compelling reason" and state those reasons publicly.[1]  Further, if the Court finds a "compelling reason" then it must take steps to ensure that only the smallest portion of that pleading is sealed—not the entire pleading.  In other words, the Court should use a scalpel, not a knife, when it comes to sealing.

The issue of sealing in this case has caused confusion as described in the Facts Section of this brief.  The Court's inconsistent and sometimes conflicting rulings regarding the Complaint and Amended Second Complaint only add to the confusion when those pleadings are not available for public view.

Paragraphs struck by the Court under Fed. R. Civ. P. 8 should not be sealed because those matters do not rise to the level of a "compelling reason" (see footnote below).  Paragraphs struck under Fed. R. Civ. P. 12(f) should be reviewed because the colloquial term "scandalous" is different from the legal term-of-art "scandalous" used in Fed. R. Civ. P. 12(f).

Lastly, the Court should revisit the allegations it struck in light of Magistrate Judge Michelson's recent findings after the April 25, 2011 Order, which found that Plaintiff's performance will be an issue in this case and the allegations of other female employees will be necessary to prove employer liability under Title VII and to invoke the heightened standard of serial harasser liability.

For the reasons that follow, the Court should unseal the Amended Second Complaint, redact only those allegations it finds truly "scandalous" under Fed. R. Civ. P. 12(f), and revisit the allegations it struck given Magistrate Judge Michelson's recent findings.

---

[1] Compelling reasons include a criminal defendant's right to a fair trial, privacy rights of third parties, trade secrets, and national security—not sexual discrimination or harassment cases.

## II.    FACTS

On December 22, 2010—a couple of days after Plaintiff filed the Complaint—the Court ordered the entire record sealed [Dkt. No. 4] without a hearing and based solely on Defendants' First Ex Parte Motion To Strike and/or Seal (undocketed and hand-delivered to the Court).

At the December 28, 2010 hearing, the Court began "I did issue just a temporary order to seal *pending a hearing*…." (12-28-10 Tr. 3:1-2, emphasis added.)   The hearing concluded, the Court issued rulings striking portions of the Complaint under Rule 8, sealed the entire Complaint, and ordered Plaintiff to submit a revised Complaint to opposing counsel for review before filing (the "Second Complaint").  (12-28-10 Tr. 36-39.)  A written order was not issued until February 17, 2011.  (02-16-11 Tr. 12:14-22.)  The Court also stated, "I just want to note for the record that this was done in open court…." (12-28-10 Tr. 39:12-13.)

Plaintiff ordered a transcript of the December 28, 2010 hearing held in open court.  The Court reporter emailed an unsealed transcript to Plaintiff on the morning of January 6, 2011.  Several hours later, the Court reporter called Plaintiff to notify her that the December 28, 2010 hearing transcript was sealed.  He told her to destroy the unsealed transcript she received via electronic mail, called back, and then told her to tell any recipients of the unsealed transcript to destroy it as well.  According to the docket sheet, the Court *sua sponte* unsealed the December 28, 2010 transcript, allowed Plaintiff to order a copy, and then resealed it on January 6, 2011 (Dkt. No. 5).  It was unclear to Plaintiff why the transcript was sealed since the hearing occurred in open court.  Further, the Court's stated reason for temporarily sealing the record (pending the hearing) had expired.

- 3 -

Nonetheless, Plaintiff treated the transcript as sealed. Defendants, however, attached a portion of the sealed transcript as Exhibit 4 to their Ex Parte Motion To Strike and/or Seal the Amended Second Complaint [Dkt. No. 14]. Further, the Court quoted from the sealed transcript in its February 17, 2011 Order [Dkt. No. 11] . After Plaintiff pointed out Defendants' error, the Court *sua sponte* unsealed the transcript on February 28, 2011 (Dkt. No. 19.)

At the February 16, 2011 status conference, Plaintiff tried to find the "compelling reason" the Court used to keep the entire original Complaint sealed. The following exchange occurred:

> Ms. Stinnett: At the first hearing [December 28, 2010], you mentioned that the first complaint is under seal.
>
> The COURT: Right.
>
> Ms. Stinnett: And I didn't understand the reasonings behind that. I don't think you gave the reasonings behind that.
>
> The COURT: I did, because the material I ordered stricken I found was not appropriate material to be included in the Complaint. That's what I stated. That's why I struck things, and, therefore, I said we're going to keep that Complaint in case at a later time they were to come back and say, well, she didn't plead this, but it's in there. So that protects you. But I did order that the matters—I ruled that the Complaint had to be stricken at this time, but I wanted to get something out for the public with those matters that were stricken taken out of it and then we'll go from there.
>
> Ms. Stinnett: Okay, your Honor.
>
> The COURT: You understand that—
>
> Ms. Stinnett: Well—
>
> The COURT: Are you clear—
>
> Ms. Stinnett: I'm clear in that's what you said at the hearing. I'm unclear in the fact that there wasn't an order put out in this case, so that if I decided that I wanted to go forward with either having you reconsider or clarify that order, there was nothing there.

- 4 -

The COURT:  Well, you did indicate—in other words, I ordered certain things and you proceeded based on what was in the transcript to go and to reformulate the Complaint.  So, obviously, you understood what I said.

Ms. Stinnett:  I did understand what you said, Your Honor, but what I didn't understand were the reasonings and what you thought was the compelling reason because I didn't get that from the transcript.

The COURT:  You didn't?

Ms. Stinnett:  There wasn't anything in there that seemed compelling to me, and you didn't say the word "compelling."  In order to seal any document, according to Sixth Circuit precedent—

The COURT:  Right.

Ms. Stinnett:   —you have to have a compelling reason—

The COURT:  Well, I did—scandalous, I talked about that.

Ms. Stinnett:   You said it wasn't.

The COURT:  But then I said but we're going to go on really to improper material under 404(b) similar acts, which are not proper parts of a Complaint, and, therefore, that part was stricken for those reasons.

Ms. Stinnett:  If that's what you say, Your Honor.  The hearing transcript wasn't that clear.

The COURT:  Okay.  Very good.

02/16/11 Tr. 5:7-7:11.

The next day, February 17, 2011, the Court issued its written opinion and order. The written order called some of the stricken allegations "scandalous in nature" but not "scandalous" under Fed. R. Civ. P. 12(f).  The Order required Plaintiff to file the Second Complaint by February 22, 2011, giving Plaintiff three (3) business days to comply.  The

- 5 -

Court's written order, however, was internally inconsistent because of the following overly broad provision:

> In the meantime, any pleadings or motions relating to the subject matter in exhibits C, D, and E must be filed under seal.
>
> February 17, 2011 Order, p.3.

The Court's written order allowed Paragraph Nos. 43, 44, and 121 to stand.  Yet these allegations are contained in Exhibit C, which would require sealing the Second Complaint.  Due to the three-day deadline imposed by the Court, Plaintiff simply complied with the Court's written order allowing these paragraphs to stand.  Plaintiff later filed a motion for clarification and/or reconsideration [Dkt. No. 21] that was sealed in accordance with the overly broad provision.  The Court still has not ruled on that motion.

As it stands today, the Second Complaint violates the Court's February 17, 2011 written order because it is not sealed.  The Court has not ruled on Plaintiff's sealed motion for reconsideration, which would remedy the situation.

After filing the Second Complaint, Plaintiff filed an Amended Second Complaint under Fed. R. Civ. P. 15.  The striking and sealing of the Amended Second Complaint is the subject of the current motion.  In the Court's April 25, 2011 Order, which saved Defendants from entry of a default [see Dkt. No. 44], the Court struck paragraphs that were present in the original Complaint and the publicly available Second Complaint.[2]  The Court also struck newly added paragraphs addressing Plaintiff's performance and the experiences of other female

---

[2] According to the Court's February 17, 2011 Order, Paragraph Nos. 43-44 of Plaintiff's Second Complaint survive. These paragraphs were renumbered in Plaintiff's Amended Second Complaint as Paragraph Nos. 53 and 54, which were struck.  The same is true for Paragraph Nos. 45-47 in the Second Complaint, which corresponded to Paragraph Nos. 57, 58, 61 in the Amended Second Complaint that the Court ordered stricken.

employees that will be necessary to prove employer liability under Title VII and that Defendant

Cantor is a serial harasser.

Magistrate Judge Michelson ruled that these topics are relevant at the April 26,

2011 hearing:

> At this stage of the case, the issue of Plaintiff's performance is
> going to be part of the case and so does appear to be a proper
> subject of discovery.  It's relevant or at least reasonably calculated
> to lead to the discovery of admissible evidence as to Plaintiff's
> discrimination claims, and more specifically, it's relevant to the
> burden-shifting analysis in a discrimination claim.
>
> 04/26/11 Tr. 36:25-37:7.
>
>     …
>
> And the Court believes Ms. Bejin's proposed testimony satisfies
> the standard in connection with Ms. Stinnett's hostile work
> environment claims, more specifically, her serial harasser claim,
> and the issue of notice on the part of the employer.
>
> 04/26/11 Tr. 38:14-18.

Since these rulings came after the Court issued its April 25, 2011 Order, the

Court should revisit the allegations in the Amended Second Complaint that it struck pertaining

to Plaintiff's performance and the experiences of other female employees.  In the Amended

Second Complaint, the Court struck Exhibit C from one of Plaintiff's clients, Mr. Clarke,

because the declaration did not state that Mr. Clarke waived the attorney-client privilege.

Plaintiff attaches Mr. Clarke's declaration along with a new one, stating he waives the attorney-

client privilege.  (Exhibit A, Declarations of William A. Clarke.)

- 7 -

### III.   ANALYSIS

A long-established legal tradition provides that court records are presumptively open to the public.  *In re The Knoxville News-Sentinel Company, Inc., et al.*, 723 F.2d 470 (6th Cir. 1983).  Policy reasons for open court records in civil cases include:

> [S]ecrecy eliminates one of the important checks on the integrity of the system . . . . [S]ecrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption
>
> *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983).

The long-established right to open court records is undermined when a Defendant seeks to shield embarrassing or prejudicial information from the public, clients, or competitors.  The Sixth Circuit identified

> the natural desire of parties to shield prejudicial information contained in judicial records from competitors and the public. This desire, however, cannot be accommodated by courts without seriously undermining the tradition of an open judicial system. Indeed, common sense tells us that <u>the greater the motivation a corporation has to shield its operations, the greater the public's need to know</u>.  In such cases, a court should not seal records unless public access would <u>reveal legitimate trade secrets</u>, a recognized exception to the right of public access to judicial records.
>
> *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983) (emphasis added).

Further, the Sixth Circuit Court of Appeals has advised that "the action of striking a pleading should be sparingly used … and is a drastic remedy to be resorted to only when required for the purpose of justice."  *Brown & Williamson Tobacco Inc. v. U.S.*, 201 F.2d 819, 822 (1953) citations omitted.  The court further advised that "[a] motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy."  *Id*.

- 8 -

In this case, the Court struck allegations that are relevant to Plaintiff's claims as articulated by Magistrate Judge Michelson at the April 26, 2011 hearing. The Court stated that sealing the Complaint after striking certain allegations is to protect the Plaintiff in case she needs to take discovery on those topics down the road. (02/16/11 Tr. 5:18-19.) Plaintiff's position is that those allegations should not have been stricken in the first place under Sixth Circuit law because they all relate to the controversy. Further, according to Magistrate Judge Michelson, those allegations are relevant. Striking those allegations and sealing the pleadings actually protects Defendants from having to answer them publicly.[3]

> The Sixth Circuit has suggested that the Defendants' right to a fair trial, certain privacy rights of participants or third parties, trade secrets, and national security, are virtually the only reasons which would justify the total closure of public records. Without deciding whether or not to accept the position of the Sixth Circuit as written, we do agree that [s]imply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access.
>
> *Wilson v. American Motors Corp., et al.*, 759 F. 2d 1568 (11th Cir. 1985) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)).

This case does not involve trade secrets, national security, the privacy rights of third parties, or Defendants' right to a fair trial. As such, the entire Amended Second Complaint should not be sealed. If the Court finds that allegations are "scandalous" under Fed. R. Civ. P. 12(f), then only those allegations should be redacted from the Amended Second Complaint.

---

[3] Defendants were saved from entry of default by the Court for failing to answer the Amended Second Complaint. [Dkt. No. 44.]

- 9 -

## IV.   <u>CONCLUSION</u>

For these reasons, the Court should unseal the Amended Second Complaint and redact only those allegations it finds truly "scandalous" under Fed. R. Civ. P. 12(f).

Respectfully submitted,

**THE STINNETT LAW GROUP, PLC**

By:   <u>/s/Ann Marie Stinnett</u>
ANN MARIE STINNETT (P66209)
101 W. Big Beaver Road, Suite 1400
Troy, Michigan 48084
(248) 687-1536
ams@stinnettlawgroup.com

*Attorneys for Plaintiff*

Dated:  May 9, 2011

- 10 -

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 9, 2011, I electronically filed the following:

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF APRIL 25, 2011 ORDER
AND BRIEF IN SUPPORT**

with the Clerk of the Court for the Eastern District of Michigan using the ECF System, which will send notification to the following registered participants:

Daniel J. Bretz
Tracy A. Leahy

**THE STINNETT LAW GROUP, PLC**

By:    /s/Ann Marie Stinnett
ANN MARIE STINNETT (P66209)
101 W. Big Beaver Road, Suite 1400
Troy, Michigan 48084
(248) 687-1536
ams@stinnettlawgroup.com

*Attorneys for Plaintiff*