# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ANN MARIE STINNETT**,

    *Plaintiff*,

v.                                                       Honorable Paul D. Borman

**BROOKS KUSHMAN P.C.**, and                 Case No. 2:10-cv-15043

**MARK A. CANTOR**,                            ***JURY TRIAL DEMANDED***
*jointly and severally*,

    *Defendants*.

_____/

**THE STINNETT LAW GROUP, PLC**
**ANN MARIE STINNETT (P66209)**
101 W. Big Beaver Road, Suite 1400
Troy, Michigan 48084
(248) 687-1536
ams@stinnettlawgroup.com

    *Attorneys for Plaintiff*

**CLARK HILL, PLC**
**DANIEL J. BRETZ (P34335)**
**TRACY A. LEAHY (P39478)**
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
(313) 965-8300
dbretz@clarkhill.com
tleahy@clarkhill.com

    *Attorneys for Defendants*
_____/

# PLAINTIFF'S REPLY

## I.   INTRODUCTION

Defendants' conduct has progressively grown worse as this litigation continues. What initially began as a mischaracterization of facts has escalated to misrepresentations and now arguably sanctionable and grievable material misrepresentations to the Court.[1]

What is glaringly missing in Defendants' Response [Dkt. No. 58] is any denial—or any mention whatsoever—of Ms. Leahy's waving an electronic device in Court to signal a recent communication from third-party deponent Ms. Gigette Bejin. From this litigation trick and other verbal misrepresentations, the Court was led to believe that Ms. Bejin was not prepared to go forward with her deposition the next day—a material misrepresentation of fact.[2]

For the reasons that follow, the Court should grant Plaintiff the requested relief in the Objection to April 26, 2011 Order [Dkt. No. 51]. Further, to deter future misconduct and stop Defendants' escalating misrepresentations, the Court should issue a show cause order under Fed. R. Civ. P. 11(c)(1) for Defendants' counsel's violation of Fed. R. Civ. P. 11(b)(3) and make any penalties payable to the Court.[3] Alternatively, the Court may find Defendants' counsel's "litigation tactics will needlessly obstruct the litigation…." and award appropriate sanctions under 28 U.S.C. § 1927. See *Riddle v. Egensperger*, 266 F. 3d 542, 553 (6th Cir. 2001).

---

[1] Defendants' escalating misrepresentations have led to increased litigation costs, wasted judicial resources, and undue delay. See Fn. 5 and the Table on page 5 of this Reply.

[2] Under Local Rule 83.22(c), the Court can refer this misconduct to the Attorney Grievance Commission, another disciplinary authority, or the chief district judge for disciplinary proceedings under Local Rule 83.22(e).

[3] Plaintiff separately served Defendants a Rule 11 motion, which can only be filed with the Court after the 21-day safe harbor period. *Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997). If the Court rules on the present motion before the safe harbor period expires, then Plaintiff's Rule 11 motion is moot. It is Plaintiff's preference that the Court issue a show cause order under Rule 11(c)(1) and make any penalties payable to the Court to deter future misconduct.

## II.     ANALYSIS

At the April 26, 2011 hearing, Magistrate Judge Michelson asked Defendants' counsel several times whether the third-party deponents, Mr. Coppiellie and Ms. Bejin, were prepared to go forward with their depositions the following day, April 27, 2011:

> Mr. Bretz:     Well, they are—they will comply with the proper subpoena, but they both would prefer not to be deposed. That's what they have related to us and ***would prefer not to have to be— to go tomorrow***…. (emphasis added.)

(Tr. 4: 2-13.)

According to Ms. Bejin, she actually would "prefer to go tomorrow," contrary to Mr. Bretz's assertion in Court. (Exhibit A, Bejin Declaration, "It is my preference that, if required to testify, my deposition occur tomorrow, April 27, 2011....")  The Court continued:

> The COURT:  I also want to be cognizant of the schedules of the third parties. And if this is something where they were prepared and everybody was prepared to go forward with them tomorrow, and I find that there is relevance or it's reasonably calculated to lead to the discovery of admissible evidence, I would rather not disrupt their schedules, but I would have it limited to the third party people.
>
> Mr. Bretz:    Let me—let me put it this way: They would welcome the opportunity not to be deposed tomorrow. That would be a welcome result, if that's the—***if it's about their convenience and about what their preferences are, I can state with certainty, they would—they would prefer that.***

(Tr. 10: 9-22, emphasis added.)

According to Ms. Bejin, she preferred to be deposed the next day, in any case, no later than the week of June 27, 2011 for scheduling reasons. (Exhibit A, No. 6 and Exhibit B, Email to Parties' Counsel.)  For Mr. Bretz to "state with certainty" that Ms. Bejin's preference and/or convenience was ***not*** to be deposed the following day is a material misrepresentation to

- 3 -

the Court. Further, to make such a false assertion "with certainty" violates the Court's Civility Rules and the Michigan Rules of Professional Conduct.[4]

To solidify the material misrepresentation, as Mr. Bretz began his rebuttal, Ms. Leahy waved an electronic device as though she had just received an instant communication from Ms. Bejin:

> Mr. Bretz: First of all, Ms. Bejin talked to Ms. Leahy (waving electronic device) and she is available. She is going on a vacation, but she will be available after that. That's not an issue.
>
> The COURT: Okay.
>
> Mr. Bretz: Ms. Bejin also told Ms. Leahy *she preferred the deposition be quashed*. So if you want to hear from Ms. Leahy, she can attest to that or you can take it from me.
>
> (Tr. 27: 16-23, "(waving electronic device)" added.)

Ms. Bejin never told Ms. Leahy that she preferred her deposition be quashed, and certainly not on the day of the hearing. (Exhibit A, No. 5, "I have had no contact with Ms. Leahy and/or any of Defendants' attorneys today, April 26, 2011….") Unfortunately, the Court believed Defendants' litigation trick by stating, "the third party deponents have raised no objection, and *according to the Plaintiff*, are ready to proceed." (Tr. 36: 14-17, emphasis added.) Thus, the Court believed according to Defendants' counsel, Ms. Leahy and Mr. Bretz, the third-party deponents were not ready to proceed—a material misrepresentation of fact.[5]

---

[4] See MRPC 3.3(a)(1) Candor Toward the Tribunal; MRPC 4.1 Truthfulness in Statements to Others; and MRPC 8.4(b)(c) Misconduct as well as the Court's Civility Principles, No. 5, p. 5: "We will not knowingly misrepresent, mischaracterize, misquote, or miscite facts or authorities in any oral or written communication."

[5] Another material misrepresentation occurred at the last hearing with Magistrate Judge Virginia Morgan on March 30, 2011. At that hearing, the Court asked whether the multiple document subpoenas issued by Defendants' counsel to Plaintiff's various schools and former employers asked for medical records. Although not the subject of the present hearing, Mr. Bretz adamantly denied that the multiple subpoenas asked for medical records. Plaintiff said they did. Fortunately, Plaintiff brought a copy of the multiple subpoenas, approached the bench, and showed the Court where the subpoenas asked for medical records. The Court instantly ordered Defendants to withdraw and reformulate their improper subpoenas.

The recent material misrepresentations in Court were preceded by many other misrepresentations that Plaintiff has repeatedly identified throughout this litigation.

| Filing Date | Dkt. No. | Relevant Quotation (quotation marks omitted except for original) |
|---|---|---|
| 04/22/11 | 39 | Another example of Defendants' shameless misrepresentations is on page 6 of Defendants' motion: "Defense Counsel contacted Plaintiff and has made *reasonable and diligent attempts* to obtain concurrence in the relief requested, but *concurrence was denied*, necessitating the filing of this Motion." (emphasis added.) This statement is untrue. See Exhibit A, Email exchange between Defendants' counsel and Plaintiff. Only one (1) attempt was made to seek concurrence having no basis in the law. Further, Plaintiff *never* denied concurrence as claimed by Defendants, rather Plaintiff asked Defendants' counsel for the legal basis for the proposed motion as required by Local Rule 7.1(a)(2)(A). Defendants never responded.  Fn. 1, p. 2. |
| 04/22/11 | 39 | Defendants state, "During the Rule 26(f) conference Plaintiff agreed that the scheduling of depositions would be taken up with the Court at the Scheduling Conference…Rather than wait until the Scheduling Conference, as she agreed…." Again, this is untrue. Only Plaintiff's deposition was to be discussed at the Scheduling conference because Defendants insisted on two (2) eight-hour days in violation of Fed. R. Civ. P. 30. The scheduling of other depositions was to occur at a subsequent meeting with the parties, but Defendants never participated. See Exhibit C, "Ms. Leahy agreed to another meeting between the parties to discuss deposition dates and times."  Fn. 3, p. 3. |
| 04/22/11 | 39 | Once again, Defendants misrepresent to the Court that Plaintiff was only on one case with Mr. Coppiellie, when in fact she handled two (2) cases. Fn. 4, p. 4. |
| 03/30/11 |  | Material Misrepresentation to Magistrate Judge Virginia Morgan.  See Fn. 5, p. 4 of this Reply. |
| 03/23/11 | 28 | Defendants' Response is heavy with skewed facts…. Para. 2, p. 2. |
| 03/23/11 | 27 | By signing the subpoenas "Clark Hill/RCS" in the signature block, Defendants' counsel hoped to dupe unsuspecting and disinterested non-parties into complying with the official-looking subpoena.  Para. 2, p. 4. |
| 03/12/11 | 24 | Plaintiff's counsel's statement, "Regarding the Judge's direction at the end of our hearing on Friday, I would prefer to proceed in writing.  Please let me know your thoughts." (Defendants' Supplemental Brief, Exhibit 1) was mischaracterized by Defendants' counsel as "Plaintiff refused to have a direct dialogue with Defense Counsel, insisting on communicating only in writing." (Defendants' Supplemental Brief, p. 2.)  Fn. 1, p. 2. |
| 03/03/11 | 21 | (See Section A, p. 2.  Misrepresentation to Judge Paul Borman.  Sealed by Court's February 17, 2011 Order.) |
| 02/24/11 | 17 | Defendants mischaracterize the Court's ruling in an effort to strike Exhibit C by taking the Court's words out of context.  P. 7. |

Rule 11(b) provides that by advocating a written motion, the attorney must present factual contentions that have evidentiary support. Fed. R. Civ. P. 11(b)(3). This was not the case both at the April 26, 2011 hearing and the prior hearing before Magistrate Judge Morgan. Under Rule 11(c)(1), the Court can sanction Defendants' counsel after notice and a reasonable opportunity to respond. As shown by the Table on p. 5, Defendants' conduct has escalated. To deter future misconduct and "curb abuses," the Court should issue a show cause order under Fed. R. Civ. P. 11(c)(1). *Business Guides, Inc. v. Chromatic Comm. Entpr. Inc.*, 498 U.S. 533, 553 (1991). Alternatively, the Court may find Defendants' counsel's "litigation tactics will needlessly obstruct the litigation…." and award appropriate sanctions under 28 U.S.C. § 1927. *Riddle*, 266 F. 3d 542, 553 (6th Cir. 2001).

### III.     CONCLUSION

For the foregoing reasons, the Court should grant the requested relief in Plaintiff's Objection to April 26, 2011 Order [Dkt. No.51]. Further, to deter future misconduct and stop Defendants' escalating misrepresentations, the Court should issue a show cause order under Fed. R. Civ. P. 11(c)(1) and make any penalties payable to the Court. Alternatively, the Court may award appropriate sanctions under 28 U.S.C. § 1927.

Respectfully submitted,

**THE STINNETT LAW GROUP, PLC**

By:   /s/Ann Marie Stinnett
      ANN MARIE STINNETT (P66209)
      101 W. Big Beaver Road, Suite 1400
      Troy, Michigan 48084
      (248) 687-1536
      ams@stinnettlawgroup.com

Dated: May 26, 2011                                    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on May 26, 2011, I electronically filed the following:

**PLAINTIFF'S REPLY**

with the Clerk of the Court for the Eastern District of Michigan using the ECF System, which will send notification to the following registered participants:

Daniel J. Bretz
Tracy A. Leahy

A hard copy was also sent via First-Class Mail to the following:

Richard W. Paul (attorney for Raymond Coppiellie)
James P. Feeney (attorney for Gigette Bejin)

                              **THE STINNETT LAW GROUP, PLC**

                              By:    /s/Ann Marie Stinnett
                                       ANN MARIE STINNETT (P66209)
                                       101 W. Big Beaver Road, Suite 1400
                                       Troy, Michigan 48084
                                       (248) 687-1536
                                       ams@stinnettlawgroup.com

                                       *Attorneys for Plaintiff*