UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANN MARIE STINNETT,

        Plaintiff,

v.

BROOKS KUSHMAN, P.C. and
MARK A. CANTOR,
jointly and severally,

        Defendants.
_____/

CASE NO. 10-15043

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION OF APRIL 25, 2011 ORDER (Dkt. No. 57), and (2) UNSEALING REVISED AMENDED SECOND COMPLAINT (Dkt. No. 56)**

### I. INTRODUCTION

Before the Court is Plaintiff Ann Marie Stinnett's Motion for Reconsideration of the Court's April 25, 2011 Order (Dkt. No. 42), filed on May 9, 2011. (Dkt. No. 57.) Shortly before filing the instant Motion, Plaintiff also filed under seal, pursuant to this Court's April 25 Order, a Revised Amended Second Complaint. (Dkt. No. 56.) For the reasons stated below, the Court grants in part and denies in part Plaintiff's Motion, and orders that the Revised Amended Second Complaint be unsealed.

### II. PROCEDURAL HISTORY

On December 19, 2010, Plaintiff filed the original Complaint in this matter. (Dkt. No. 1.) On December 21, 2010, Brooks Kushman, P.C., and Mark Cantor ("Defendants") filed an *ex parte* motion to seal the Complaint. Because the Court was unable to reach Plaintiff for an

1

immediate hearing, the Court ordered that the Complaint be sealed temporarily until a hearing could be held with both parties present. (Dkt. No. 4.) On December 22, 2010, the Court held a telephone conference in open Court, where the parties agreed to schedule the hearing on December 28, 2010. (Dkt. No. 49.)

At the December 28, 2010 hearing, the Court struck certain paragraphs from the Complaint and sealed the remainder of the Complaint. The Court stated its reasons for striking and sealing the Complaint on the record, which the Court noted "was done in open court and so anybody can and could be here . . . ." (Dec. 28, 2010 Hr'g Tr. 39.)[1] At the conclusion of the hearing, the Court directed Plaintiff as follows: "Why don't you redraft the Complaint based upon what I just stated, give a copy to [Defense Counsel] and let him look at it and see that it confirms [sic] with the Court's ruling, and we will proceed with the case." (Dec. 28, 2010 Hr'g Tr. 39.)

A status conference was held on February 16, 2011, to ascertain why Plaintiff had not yet filed a new Complaint in conformance with the December 28, 2010 order. At the status conference, Plaintiff stated that, although she had submitted a Second Complaint to Defense Counsel, and Defense Counsel had stipulated to the Second Complaint as complying with the Court's Order, Plaintiff had not yet filed or served the Second Complaint because she was waiting for the Court to issue a written Order that contained the reasoning stated on the record. (Feb. 16, 2011 Hr'g Tr. 9.) The Court advised Plaintiff that a written Order would be issued, and that in the interim, she should file the Second Complaint. (Feb. 16, 2011 Hr'g Tr. 12.) The

---

[1]Despite the Court's on-the-record statement, the transcript of this hearing was mistakenly sealed. This was corrected by an Order to Unseal filed on February 28, 2011. (Dkt. No. 19.)

2

Court issued a written Opinion and Order regarding the sealing of the Complaint on February 17, 2011. (Dkt. No. 11.)

On February 22, 2011, Plaintiff filed the Second Complaint. (Dkt. No. 12.) However, Plaintiff immediately afterward filed an Amended Second Complaint, which was not submitted to Defense Counsel for review, and which contained allegations and exhibits that had been stricken and/or sealed by the Court's December 28, 2010 Order. (Dkt. No. 13.) Defendants filed another *ex parte* Motion to Strike and/or Seal the Amended Second Complaint. (Dkt. No. 14.)

The Court held a hearing on Defendants' Motion on February 25, 2011. (Dkt. No. 54.) At that hearing, the Court ruled as follows:

> But right here we are going to seal the [Amended Second Complaint]. We have a second complaint out and about in the public domain, and I will work on issuing an Opinion and Order with regard to plaintiff's claims and the defendant's [sic] responses and the defendant's [sic] motion as to whether this is a violation or Rule 8 or Rule 12.
>
> In the mean time [sic] you can meet and proceed further on discovery and matters like that because there is a viable complaint, and let's move ahead.

(Feb. 25, 2011 Hr'g Tr. 27.)

On April 25, 2011, the Court issued a written Opinion and Order to continue the sealing of Plaintiff's Amended Second Complaint, striking portions of the Amended Second Complaint, and ordering Plaintiff to submit a proposed Amended Second Complaint under seal for the Court's review. (Dkt. No. 42.) As noted on the record at the February 25 hearing and in the April 25 Order, the Second Complaint is not under seal and is publicly available on the Court's docket. On May 9, 2011, Plaintiff filed a Revised Amended Second Complaint under seal, and

also filed the instant Motion to Reconsider the Court's April 25, 2011 Order. (Dkt. Nos. 56 and 57.)

### III. STANDARD OF REVIEW

Motions for reconsideration are governed by E.D. Mich. LR 7.1(h)(3), which states in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp.2d 714, 718 (E.D. Mich.2001).

### IV. ANALYSIS

**A. Sealing of the Original Complaint and Amended Second Complaint**

Plaintiff argues that the Court's Orders to seal in this case are not supported by a "compelling reason," relying on *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470 (6th Cir. 1983), and *Brown and Williamson Tobacco Corp. v. Federal Trade Commission*, 710 F.2d 1165 (6th Cir. 1983). These cases were addressed at the December 28, 2010 hearing (Dec. 28, 2010 Hr'g Tr. 14-16), and in the Court's Opinion and Order issued on February 17, 2011 (Feb. 17, 2011 Order at 4), which was referenced in the April 25, 2011 Order. There is a "long-established legal tradition" supporting the "right of the public to inspect and copy judicial documents and files." *In re Knoxville News-Sentinel*, 723 F.2d at 474.

4

> It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files and access has been denied where court files might have become a vehicle for improper purposes. For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not "used to gratify private spite or promote public scandal" through the publication of "the painful and sometimes disgusting details of a divorce case." Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption.

*Id.* (citing *Nixon v. Warner Communications Inc.*, 435 U.S. 589, 598 (1978) (citations omitted)).

The Court has noted in its previous orders – both oral and written – that the sealed complaints in this matter contain excessive, scandalous details regarding the Defendants' alleged conduct. Certain of these details, in particular, regarding allegations by third parties, are scandalous and constitute a compelling reason to seal the pleadings in which they appear. If Plaintiff, in discovery, can support these allegations with admissible evidence, the Court will in the future make them public.

The Court will therefore deny Plaintiff's Motion to Reconsider with regard to unsealing the original Complaint and Amended Second Complaint in this matter.

## B. Striking of Specific "Information and Belief" Paragraphs

Plaintiff argues that the April 25, 2011 Order is internally inconsistent because it strikes certain "information and belief" paragraphs from the sealed Amended Second Complaint even though those paragraphs are publicly available in the unsealed Second Complaint. Specifically, Plaintiff indicates that paragraphs 53 and 54 in the Amended Second Complaint, which were struck, mirror paragraphs 43 and 44 in the Second Complaint. As noted at the hearing, Defense

5

counsel did not object to the content of the Second Complaint. Therefore, the Court reconsiders and reverses its previous Order striking paragraphs 53 and 54 of the Amended Second Complaint, although that pleading will remain under seal.

Likewise, paragraphs 57, 58 and 61 in the Amended Second Complaint, which were struck, mirror paragraphs 45-47 in the Second Complaint. The Court therefore reconsiders and reverses its previous Order striking paragraphs 57, 58 and 61 from the Amended Second Complaint, which remains under seal.

Plaintiff also argues that the Order is inconsistent with regard to paragraph 121. However, this paragraph in the Second Complaint does not refer to any of the stricken exhibits, and the April 25 Order did not strike this paragraph number from the Amended Second Complaint. Plaintiff's request to reconsider with regard to paragraph 121 is therefore denied.

**C. Striking Allegations Regarding Plaintiff's Performance and Other Female Employees**

Plaintiff argues that Magistrate Judge Michelson's April 26, 2011 Order recognized that Plaintiff's performance and the experiences of other female employees are relevant, and that the Court should reconsider its Order to strike certain allegations pertaining to those two issues in the Amended Second Complaint.

The Court considers the stricken portions regarding Plaintiff's performance *infra* at Part D. As to Plaintiff's argument regarding Defendants' harassment of other female employees, the Second Complaint contains sufficient allegations to allow Plaintiff to proceed with discovery on these issues, pursuant to Magistrate Judge Michelson's Order. The Court thus denies Plaintiff's Motion to Reconsider with regard to those stricken portions.

### D. Exhibit Containing Information Protected By the Attorney-Client Privilege

In the April 25 Order, the Court struck Exhibit C to the Amended Second Complaint because it "contain[ed] a potential violation of the attorney-client privilege insofar as the affidavit does not state that the affiant waives the privilege." (Order at 3-4.) Exhibit C consists of an affidavit from a former client of Defendant Brooks Kushman, William Clarke, which states, among other things, that he was pleased with Plaintiff's performance as his representative attorney while she was employed by Defendants.

Plaintiff has attached to her Motion a Declaration of William Clarke stating that Mr. Clarke has waived the attorney-client privilege with regard to his earlier affidavit. (Pl.'s Mot. Ex. A, Clarke Decl. ¶ 3.) The Court therefore reconsiders and reverses its decision to strike Exhibit C from the Amended Second Complaint, because Mr. Clarke has waived the privilege on which the Court based its Order to strike.

### E. Revised Amended Second Complaint

Pursuant to the Court's April 25 Order, Plaintiff filed a Revised Amended Second Complaint under seal. Upon review, the Court finds that it complies with the Orders previously issued in this case, and therefore orders that the Revised Amended Second Complaint be unsealed.

### V. CONCLUSION

For the reasons stated above, the Court will:

1) **GRANT** Plaintiff's Motion for Reconsideration of April 25, 2011 Order as to the striking of paragraphs 53, 54, 57, 58 and 61, and Exhibit C of the Amended Second Complaint;

2) **DENY** Plaintiff's Motion for Reconsideration as to all other requested relief, and

3) **ORDER** that the Revised Amended Second Complaint be unsealed.

**SO ORDERED.**

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 7-7-11