UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANN MARIE STINNETT,

        Plaintiff,

v.

BROOKS KUSHMAN, P.C. and
MARK A. CANTOR,
jointly and severally,

        Defendants.
_____/

CASE NO. 10-cv-15043

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

**ORDER (1) DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S APRIL 26, 2011 ORDER (Dkt. No. 51), and (2) DENYING PLAINTIFF'S MOTION FOR SANCTIONS (Dkt. No. 64)**

## I. INTRODUCTION

On April 18, 2011, Defendants Brooks Kushman, P.C., and Mark Cantor (collectively, "Defendants") filed an Emergency Motion to Quash Deposition Subpoenas and for Protective Order. (Dkt. No. 34.) Plaintiff Ann Marie Stinnett ("Plaintiff") responded on April 22, 2011. (Dkt. No. 39.) Defendants' Motion was granted at a hearing before Magistrate Judge Michelson, held on April 26, 2011, and memorialized in an Order filed the same day. (Dkt. No. 45.)

Plaintiff objected to the Magistrate Judge's Order on May 5, 2011. (Dkt. No. 51.) Defendants filed a Response on May 19, 2011, (Dkt. No. 58), and Plaintiff replied on May 26, 2011. (Dkt. No. 59.)

On June 21, 2011, Plaintiff filed a Motion for Rule 11 Sanctions (Dkt. No. 64), based on representations and alleged behavior of Defense counsel at the April 26, 2011 hearing.

1

Defendants responded on June 22, 2011 (Dkt. No. 67), and Plaintiff replied on June 29, 2011 (Dkt. No. 68).

For the reasons stated below, the Court will:

(1) DENY Plaintiff's Objections to the April 26, 2011 Order, and

(2) DENY Plaintiff's Motion for Rule 11 Sanctions.

## II. BACKGROUND

The instant discovery dispute involves the scheduling of depositions of Plaintiff and certain third parties. Defendants are seeking to conduct Plaintiff's deposition first, before any other depositions. Defendants have also asked to depose Plaintiff after initial disclosures have been exchanged.

Plaintiff has no objection to being deposed first, but does not want to wait for the completion of initial disclosures to begin her depositions of certain third-party witnesses. At the hearing, Plaintiff stated as follows: "I don't necessarily feel I need initial disclosures. The deadline is May 5th. I don't need to wait until May 5th in order to take my depositions." (Dkt. No. 47, Hr'g Tr. 16.)

Plaintiff and Defendants disagreed at the hearing as to the availability of the third-party witnesses, particularly with respect to proposed deponent Gigette Bejin. While Defendants claimed that all of the third-party witnesses preferred to give depositions at a later date, Plaintiff asserted that she believed the witnesses were "ready and wanting" to be deposed on April 27, 2011, the day after the hearing. (Hr'g Tr. 22.)

Plaintiff claims that during the hearing, Defendants' counsel, Tracy Leahy, "waved an electronic device as though she had just received an instant communication from Ms. Bejin" to

buttress their assertion that Ms. Bejin did not want to be deposed the day after the hearing. (Pl.'s Br. 4.) Plaintiff has included with her objections a declaration from Ms. Bejin stating that Ms. Bejin did not contact Ms. Leahy at any time, and that her preference was to be deposed on April 27, 2011. (Pl.'s Mot. Ex. A, Bejin Decl.) Plaintiff now argues that Defendants made a material misrepresentation to the Court at the April 26, 2011 hearing, which has rendered the Magistrate Judge's Order clearly erroneous, and which is sanctionable.

### III. ANALYSIS

Federal Rule of Civil Procedure 72(a) provides that, when a party timely objects, this Court may "modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law."

### A. The Magistrate Judge Did Not Err

Plaintiff argues that the Magistrate Judge's "decision on whether to issue a protective order hinged on whether the third-party deponents were prepared for their depositions the next day." (Pl.'s Br. 7.) Plaintiff is mistaken.

Although the schedules of the third-party deponents were addressed at the hearing, and the Magistrate Judge stated that she "want[ed] to be cognizant of the schedules of the third parties" (Hr'g Tr. 10), the Magistrate Judge never concluded that the third-party witnesses were unavailable on April 27, 2011. Instead, the Magistrate Judge reasoned that, based on the Rule 26(f) conference, Plaintiff should be deposed first:

> Now, the Defendants noticed the Plaintiff's deposition first, but for dates that were later than the dates selected by the Plaintiff in her deposition notices for the Brooks Kushman representatives and the third parties.

3

> But at the Rule 26(f) conference, Defense Counsel advised Plaintiff that they wanted to take her deposition first, and in fact, in a letter memorializing that conference, Plaintiff acknowledged that, "Regarding depositions, Ms. Leahy stressed that Defendants wanted to depose Ms. Stinnett first."
>
> So the Court finds it was clear to Plaintiff that Defendants wanted to depose her first and took steps to try to accomplish that. I do think it will help to define and facilitate subsequent discovery if the Plaintiff goes before the Defendants and the Defendants' personnel.
>
> I'm also somewhat troubled by the fact that Plaintiff did not provide alternative dates for her deposition.

(Hr'g Tr. 32-33.)

Regarding the third-party witnesses, the Magistrate Judge focused on their failure to raise an objection with the Court:

> With respect to the third-party depositions, the Court is going to deny the motions to quash, because a party doesn't have standing to quash the depositions of a non-party absent the claim of privilege or personal right, and I don't believe that those exceptions apply here.
>
> But I – I will go along with the prior ruling that we will conduct Plaintiff's depositions first. So as to a protective order, while the motion to quash is not something the Court is going to grant, the Court can interpret the motions to quash as a request for protective order under Rule 26(c), and so the Court will grant the protective order on the issue of the date and order that those depositions be rescheduled for a time after the Plaintiff's deposition.
>
> I'm not – I'm going to deny the request for protective order on the substance and actually taking the depositions. I don't find a clearly defined and serious injury resulting from the discovery being sought. The – at least to the Court, the third-party deponents have raised no objection, and according to the Plaintiff, are ready to proceed.

> [. . . .]
>
> As to the deposition of Ms. Bejin, again, the Court will deny the motion to quash based on a lack of standing. And to the extent the motion to quash is also a request for protective order, the Court will grant the motion on the issue of the date, but deny the motion as to whether the deposition can go forward at all. Again, the witness does not appear to have any objection.

(Hr'g Tr. 35-36, 37-38.)

As reflected in the above excerpts, the Magistrate Judge's decision did not hinge on the availability of the third-party witnesses. Although their schedules were a concern, the Magistrate Judge's reasoning focused on the lack of objections from the third-party witnesses, and the parties' discussions at the Rule 26(f) conference. The Court further notes that the April 29, 2011 Scheduling Order in this case permits discovery until March 30, 2012. (Dkt. No. 48.) This leaves Plaintiff with ample opportunity to schedule a deposition of Ms. Bejin and other relevant witnesses. The Court therefore finds no error in the Magistrate Judge's reasoning.

**B. Defendants' Alleged Misrepresentations to the Court**

Plaintiff has filed a Motion for Rule 11 Sanctions based on Defense Counsel's representations regarding Ms. Bejin's deposition date preference at the April 26, 2011 hearing.

Federal Rule of Civil Procedure 11 provides for sanctions where a "pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1988). "The purpose of sanctions is to deter the abuse of the legal process." *Merritt v. Int'l Ass'n of Machinsts and Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010). The Court must

measure counsel's conduct by an objective standard, and "should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Id.* (citing *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987)).

While arguing in support of the Motion to Quash, Defense Counsel, Daniel Bretz, stated that: "They [the witnesses] would welcome the opportunity not to be deposed tomorrow. That would be a welcome result, if that's the – if it's about their convenience and about what their preferences are, I can state with certainty, they would – they would prefer that." (Apr. 26, 2011 Hr'g Tr. 10.) Mr. Bretz later stated that "both witnesses have indicated they would prefer not to go . . . ." (Hr'g Tr. 28.)

Plaintiff argues that these statements were misrepresentations to the Court. In support of her argument, Plaintiff has produced a Declaration from Ms. Bejin, which states: "It is my preference that, if required to testify, my deposition occur tomorrow, April 27, 2011, as previously coordinated through the deposition subpoena rather than postponed to a later time." (Pl.'s Mot. Ex. A, Bejin Decl. ¶ 6.)

As an initial matter, the Court notes that, despite the assertions made by both sides at the April 26 hearing, neither Defense counsel nor Plaintiff can represent the interests of Ms. Bejin, a non-party, before this Court. Moreover, Ms. Bejin – who is an attorney – is presumably aware of this.

It is not clear, even in light of Ms. Bejin's Declaration, that Defense counsel made an inaccurate statement. In support of the Motion to Quash the depositions, Mr. Bretz could reasonably assert that the witnesses preferred not to be deposed at any time. Ms. Bejin's

deposition preference, however, only applies "if [she is] required to testify[.]" (Bejin Decl. ¶ 6.) Further, even if Defense counsel's statements were inaccurate, it is not clear that Mr. Bretz knew they were inaccurate at the time they were made. *Merritt*, 613 F.3d 626. The Court therefore finds that Defense counsel's statements, to the extent they can even be construed as misrepresentations, do not rise to the level of Rule 11 sanctions.

The Court also declines to issue sanctions based on Plaintiff's allegations that Defense counsel Tracy Leahy waved an electronic device during the April 27 hearing as a "litigation trick" (Pl.'s Br. at 4). Ms. Leahy denies this allegation.

As provided by the Local Rules for the Eastern District of Michigan, a "phone cannot be initiated, 'answered,' examined or otherwise manipulated while in a courtroom . . . ." LR 83.31(f)(2)(B). A violation of this rule "**SHALL** result in immediate confiscation of the phone." LR 83.31(f)(5)(B) (emphasis in original).

The Court notes that there is no evidence in the transcript of the April 26, 2011 hearing that Ms. Leahy violated Local Rule 83.31 by waving an electronic device while in Magistrate Judge Michelson's courtroom, or that Ms. Leahy's electronic device was confiscated by Court security officers, as required by Local Rule 83.31(f)(2)(B) for such a violation. The Court thus declines to impose sanctions based solely on Plaintiff's unsupported allegation.

## IV. CONCLUSION

For the reasons stated above, the Court will:

(1) **DENY** Plaintiff's Objection to the April 26, 2011 Order, and

(2) **DENY** Plaintiff's Motion for Rule 11 Sanctions.

7

**SO ORDERED.**

                                                                                    PAUL D. BORMAN
                                                                                    UNITED STATES DISTRICT JUDGE

Dated: 7-13-11