UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ANN MARIE STINNETT,**

        Plaintiff,

v.                                  Honorable Paul D. Borman
                                       Magistrate Judge Laurie J. Michelson
                                       Case No. 2:10-cv-15043

**BROOKS KUSHMAN, P.C.** and
**MARK A. CANTOR,**
jointly and severally,

        Defendants.

**ORDER ON DEFENDANTS' MOTION TO STRIKE AND SEAL PLEADINGS FILED IN VIOLATION OF THE COURT'S FEBRUARY 17 AND APRIL 25 ORDERS (DKT 61) AND DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER (DKT 78)**

On June 6, 2011, Defendants filed a Motion to Strike and Seal Pleadings Filed in Violation of the Court's February 17 and April 25 Orders. (Dkt. 61.) Plaintiff filed a response on June 20, 2011 (Dkt. 63), and Defendant filed a reply, (Dkt. 66.)  On August 23, 2011, Defendants filed an Emergency Motion for Protective Order Regarding the Deposition of Gigette Bejin. (Dkt. 78.) Plaintiff filed a response on August 24, 2011.  (Dkt. 81.) Both Motions were referred to this Court for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  (Dkt. 79.)  A hearing as to both motions occurred on August 25, 2011.  For the reasons set forth on the record at the hearing, the Court rules as follows:

Defendants' Motion to Strike and Seal (Dkt. 61) is granted to the extent that Plaintiff's Response to Defendant's Emergency Motion for Protective Order (Dkt. 39), Plaintiff's Objection to April 26, 2011 Order (Dkt. 51), and Plaintiff's Response to Defendants' Motion to Strike and Seal Pleadings (Dkt. 63) shall be placed under seal. The District Court's February 17, 2011 Order provides: "while the scandalous matter contained in Exhibits C, D and E, and the attendant

paragraphs of the Complaint does not properly belong in the Complaint under Rule 8, as the case progresses toward trial, the Court will deal with this scandalous matter under the Federal Rules of Evidence and the Federal Rules of Civil Procedure, including Rule 12(f) if necessary. *In the meantime, any pleadings or motions relating to the subject matter in exhibits C, D and E must be filed under seal.*" (Dkt. 11 at 2-3 (emphasis added).) Accordingly, the Court will not strike Ms. Gigette Bejin's "Series of Events" memorandum or the IP Law 360 Blog from the case or the responses or objections to which they have been attached or quoted (Dkts. 39, 51, 63), but will order that those documents – Dkts. 39, 51 and 63 – be placed under seal. Future filings shall comport with the District Court's February 17, 2011 language as construed by this Court on the record.

Defendants' Emergency Motion for Protective Order is granted to the extent that Ms. Gigette Bejin's deposition will not be conducted on August 26, 2011. However, the parties are to exchange dates for the video deposition of Ms. Begin prior to September 2, 2011. Moreover, the parties are to share the costs of that video deposition, with Plaintiff choosing the method through which such deposition will occur.

For the reasons set forth above and on the record on August 25, 2011, **IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen days from the date of receipt of a copy of this order to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

                                                  s/Laurie J. Michelson  
                                                  LAURIE J. MICHELSON  
                                                  UNITED STATES MAGISTRATE JUDGE

Dated: August 25, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 25, 2011.

                                          s/Jane Johnson
                                          Deputy Clerk